20628

James E. EARLE, Respondent, v. Dr. Ezra Kenneth AYCOCK, as Commissioner of the South Carolina Department of Health and Environmental Control, Appellant.

(242 S. E. (2d) 402)

*Daniel R. McLeod, Atty. Gen., M. Richbourg Roberson, Asst. Atty. Gen., Walton J. McLeod, III,* and *Jacquelyn S. Dickman, Staff Attys.,* and *Kerry F. Winberry,* of Columbia, *for Appellant,*

*George F. Townes* and *Vance B. Drawdy,* of Greenville, *for Respondent,*

March 6, 1978.

*Per Curiam:*

This action arose out of a grievance proceeding filed by the respondent, James E. Earle, with the State Employee Grievance Committee as a result of respondent's dismissal from his position of Environmentalist I at the Appalachia II (Greenville-Pickens) office of the Department of Health and Environmental Control (DHEC). The State Employee Grievance Committee found that respondent should be reinstated to his position of Environmentalist I but held in paragraph 5 of its findings that:

There may well be difficulties in having Mr. Earle (respondent) continue working in the same assignment. Transferring Mr. Earle to another work situation of equal rank would be acceptable to the committee.

Appellant as Commissioner of DHEC, interpreted the quoted finding of the Grievance Committee as not requiring the return of respondent to work in the same office but as permitting his assignment to another work situation in another office. Accordingly, respondent was reassigned and transferred to work, at the same rank, at the Appalachia III (Spartanburg) office of DHEC, instead of at the Appalachia II (Greenville-Pickens) office where he had worked prior to his dismissal. Respondent reported for work on the appointed day at the Appalachia III office and went on leave the same day.

Thereafter, respondent instituted this action to require his reinstatement to his former employment at the Appalachia II office of DHEC, taking the position that, under "The Rule of the State of South Carolina Interagency Merit System," he could not be transferred without his consent and that his transfer to the Appalachia III office was in violation of the ruling of the State Grievance Committee.

The master, to whom the issues were referred, found that the transfer of respondent constituted substantial compliance

with the findings of the Grievance Committee and recommended that the relief sought by respondent be denied. Upon exceptions to the circuit court, the recommendations of the master were overruled and an order issued directing the retroactive reinstatement of respondent to his former employment at the Appalachia II office of DHEC, upon the ground that the transfer of respondent "is repugnant to the rules and policies of the State of South Carolina Interagency Merit System," and that he could not be transferred without his consent. The Commissioner of DHEC has appealed from that ruling. We reverse.

The basic issue in this appeal concerns the application of "The Rule of the State of South Carolina Interagency Merit System" to the relocation of respondent. This rule was apparently the subject of judicial notice by the circut judge. Section VII, Article XI, of this rule states, in pertinent part, that an "employee, at the discretion of the agency head, may be *reassigned* from one position to another in the same class." (Emphasis added). Section VIII, Article XI, dealing with *transfers,* contains the following statement:

A permanent employee may be transferred upon request and acceptance from one position in the same class or in a different class having the same entrance salary . . . A transfer may require the employee to move either from one agency to another agency, one agency division to another division or to another geographical area of the State within the same agency.

Respondent asserts that his relocation constituted a *transfer* under Section VIII and that, since a transfer could only be made "upon request and acceptance," he could not be transferred from the office where he was previously located to the Appalachia III office without his consent, which was never given.

The answer to this contention is that Sections VII and VIII of the Merit System Rule have no application to the present proceeding. These sections act upon the relationship

between the agency (or agencies) involved and the employee in the usual transfer or reassignment situation. They do not affect the authority of the State Employee Grievance Committee to make a reasonable disposition of proceedings instituted to redress a grievance which does not arise from the relocation of an employee. We do not reach the contention that the Merit System Rule is inapplicable because it was not properly filed according to law.

The Legislature passed the State Employee Grievance Procedure Act (Section 8-17-10, *et seq.* 1976 Code of Laws) to create "a proper forum for the understanding and resolution of employee grievances" in order to "contribute to the establishment and maintenance of harmony, good faith and the quality of public service." Section 8-17-10 South Carolina Code (1976). Section 8-17-20 of the Code recognizes that "dismissal" is a proper subject of action by the grievance committee. In issuing a decision in this case, the Grievance Committee recognized the potential difficulties in retaining respondent in his former assignment and stated that "transferring Mr. Earle (respondent) to another work situation of equal rank would be acceptable to the committee." We find nothing in the Grievance Procedure Act to suggest that the committee was without authority to make such a decision.

We agree with the master that assigning the respondent to the Spartanburg office of DHEC at the same pay constituted substantial good faith compliance with the Grievance Committee's order. Accordingly, the order of the lower court is reversed and the findings and conclusions of the master are affirmed and the cause remanded for entry of judgment in accordance with the master's recommendations.