## 21166

A. E. CARMICHAEL, Jr., Appellant, v. The DAN NANCE COR-
PORATION, Philip Gray; John H. Nance; Donnie W. Nance, Jr.;
Sarah N. Watts; Evelyn Benton; Virginia N. Cooper; Thomas E.
Nance; Mamie Nance; Marjorie N. Benton; Ester N. Gray; and
Gertrude N. Hayes, Individually and as liquidating trustees of
the Dan Nance Corporation, Respondents.

(264 S. E. (2d) 601)

*James P. Stevens,* of *Stevens, Stevens & Thomas, Loris,* and *Benny R. Greer,* of *Greer & Milling,* Darlington, *for appellant.*

*Howell V. Bellamy, Jr.,* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for respondents.*

March 6, 1980.

LEWIS, Chief Justice:

The basic question in this appeal is whether appellant properly exercised his option to renew a lease of real estate. The lower court held that appellant failed to exercise the option to renew the lease and denied his request for specific performance. Appeal is from that order.

On October 9, 1962, a lease agreement was entered into between Phillips Petroleum Company, as Lessee, and Dan W. Nance and his wife, as Lessors, wherein a lot in Myrtle Beach, South Carolina, was leased for a term of fifteen (15) years, with the option to renew the lease for three (3) successive five-year terms, provided a written notice was given to the lessor by the lessee thirty (30) days before the expiration of any term sought to be extended.

The lease provided that "to exercise any of these options, the Lessee shall give the Lessor notice in writing at least thirty (30) days before the expiration of the primary term or the extended term, as the case may be." The agreement further provided that all notices required or given "shall be considered as properly given if delivered in writing, personally, or sent by certified United States mail, postage prepaid with return receipt requested, addressed to Lessor" at *406 7th Avenue North, Myrtle Beach, South Carolina.*

On January 18, 1967, Phillips Petroleum Company, the original Lessee, was notified that the leased property had been sold to the respondent, The Dan Nance Corporation, and that all future correspondence and rental payments should be directed to that corporation at the above address in Myrtle Beach as shown in the lease agreement.

The Phillips Petroleum Company assigned its interest, as Lessee, in the lease to appellant on August 24, 1977; and duly notified the respondent, The Dan Nance Corporation, of the assignment.

Subsequently, appellant sought to renew the lease for an additional five (5) year term and it is conceded that, in order to do so, he was required, by the terms of the lease, to give notice on or before January 30, 1978 of the exercise of the option to renew.

It is further agreed that the only notice relied upon by appellant was the alleged delivery of a written notice to 406 7th Avenue North, Myrtle Beach, South Carolina, the address stated in the lease agreement, and that, as stated at page 25 of the respondents' brief: ". . ., if Mr. Carmichael [appellant] had delivered to 406 7th Avenue North a written notice on the 30th day of January, this would have been effective to exercise the opinion." Since appellant had a right to give notice of his election to renew the lease by delivering such notice personally to 406 7th Avenue North and he claims to have relied solely on personal delivery of the notice, we need only consider whether notice was properly effected in that manner.

Since this is an equity case, tried by the judge alone, this court has jurisdiction to find the facts in accordance with its view of the preponderance of the evidence and may reverse factual findings by the lower court, when this court is satisfied that such findings are against the preponderance of the evidence.

The sole question for determination then is whether the finding by the trial judge, that renewal of the lease was precluded by the failure of appellant to deliver the required renewal notice to the address set forth in the lease, is supported by the preponderance of the evidence. We think not and, accordingly, reverse.

While the testimony is conflicting, the record supports the reasonable inference that appellant, on January 30, 1978, at

approximately 4:30 p. m., went to 406 7th Avenue North, Myrtle Beach, South Carolina, the location designated in the lease for the giving of written notice of renewal, for the purpose of exercising the option to renew the lease for another five (5) year term.

It is undisputed that neither the lessors (respondents) nor any agent or servant were present at the designated address on January 30, 1978, nor had the lessors occupied those premises for several years prior thereto; and no instructions were left at the designated address as to where any representative of respondents could be found. Since no one could be found at the designated address, appellant left at the door of the apartment a copy of written notice to respondents of the intent to renew the lease; and on the following day [January 31st] mailed a copy of the notice to respondents.

It is further inferable from the testimony that appellant had no notice of any other address to which personal delivery of the written renewal notice could have been made.

We think the greater weight of the evidence sustains the conclusion that appellant, on January 30, 1978, went to the place designated for the purpose of giving notice of his election to renew the lease, but was prevented from personal delivery of the notice by the absence of the lessors from the designated place of performance. Since the failure of appellant to give written notice of his election to renew the lease was due to the fault of the lessors (respondents), they will not be permitted to take advantage of appellant's default and declare the lease at an end. *Montague Corporation v. Burton Lumber Company,* 136 S. C. 40, 134 S. E. 147.

The basic factual issue, to which most of the testimony at the trial was addressed, was whether appellant went to 406 7th Avenue North on January 30, 1978. Appellant testified that he did go to the designated address on that date, while respondents sought to show that appellant actually attempted to exercise his option to renew

the lease on January 31st, the day after the time to renew had expired. Significantly, although the trial judge held that appellant failed to deliver a written notice to the agreed address, he did find that appellant "did attempt to locate 406 7th Avenue in Myrtle Beach on the 30th day of January." This latter finding by the trial judge is entirely consistent with appellant's testimony that he was ready, willing and able to comply with the requirements for renewal of the lease and sought to timely do so. Regardless however, it is undisputed that it would have been impossible to give personal notice to the lessors at 406 7th Avenue North for, admittedly, they had not been present at that address for several years. Any attempt to give the lessors timely personal notice, therefore, at the designated address would have been a futile act, which equity does not require. This principle was thus stated in *Elliott v. Dew,* 264 S. C. 40, 212 S. E. (2d) 421.

Equity will not require the doing of a futile task, nor foreclose the rights of a party from obtaining specific performance for failure to do something which in view of all the facts would have been useless.

Since appellant has shown by the preponderance of the evidence that he effectively complied with the requirements for the renewal of the lease in question, the contrary findings of the lower court are reversed and the case is remanded for the entry of judgment in favor of appellant for specific performance of the lease.

Reversed and remanded.

LITTLEJOHN, NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.