21497

James E. EARLE, Respondent, v. Dr. Ezra Kenneth AYCOCK as Commissioner of the South Carolina Department of Health and Environmental Control, Appellant.

(279 S. E. (2d) 614)

472

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Richard P. Wilson, Gen. Counsel Walton J. McLeod, III, and Staff Counsel Jacquelyn S. Dickman and William T. Lavender, Jr.,* Columbia, *for appellant.*

*Vance B. Drawdy,* Greenville, *for respondent.*

June 22, 1981.

NESS, Justice:

Appellant Dr. Ezra K. Aycock, as Commissioner of the Department of Health and Environmental Control (DHEC), appeals from an order requiring him to reinstate rspondent James E. Earle to a position of equal rank and pay as an Environmentalist I. We reverse.

The facts in this case are extremely involved. Earle commenced employment with DHEC in April 1966 in the Anderson/Oconee office. In July 1968 he was transferred to the Greenville office as an Environmentalist I. On July 11, 1975 he was discharged from that position. He appealed to the State Grievance Committee which ordered him reinstated. On November 18, 1975 he was reinstated and reassigned to the Greenville office. On December 3, 1975 he was transferred to the Spartanburg office. Earle requested annual leave and instituted legal action to test the validity

of the Spartanburg transfer. The matter was referred to a master who held the transfer was proper, the trial judge reversed. In *Earle v. Aycock*, 270 S. C. 326, 330, 242 S. E. (2d) 402 (1978), we reversed holding: "[w]e agree with the master that assigning the respondent to the Spartanburg office of DHEC at the same pay constituted substantial good faith compliance with the Grievance Committee's order."

The issue confronting us on this appeal is whether Earle's dismissal during the pendency of the 1978 transfer case was valid.

The director of personnel services advised the district administrator by letter of April 5, 1976, that Earle would be continued on leave pending the outcome of the transfer litigation then in progress. The letter further stated, *"your office will be advised of any change in his status as soon as we are informed."* Dr. Aycock informed the trial judge, by letter of April 6, 1976, that Earle was on official leave pending the decision on the legitimacy of the Spartanburg transfer. In a memorandum from the director of personnel services to the district administrator, Earle's leave was terminated on April 22, 1976 and he was ordered to return to work on April 23, 1976. The memorandum further informed Earle that unauthorized *absences* from work *for three consecutive work days* could be *grounds for discharge.* The copy of this memorandum was sent to Dr. Aycock, Earle and his attorney. By agreement Earle was continued on leave until April 30, 1976. On May 17, 1976, Earle reported to work and hand delivered a letter from his attorney which stated, "Mr. Earle is reporting to work at Spartanburg today subject to all rights not to be assigned to the duty designated." On *May 18th, 19th and 20th, 1976, Earle did not report to work.* Thereafter, DHEC notified him he was being *terminated because of unauthorized absences* and he could appeal his discharge to the State Grievance Committee.

Earle appealed to the committee which upheld the discharge. *He did not appeal the committee's decision to the courts.*

Earle subsequently instituted *this action* to test the validity of his discharge. The trial court entered a verdict for Earle holding the discharge was discriminatory and ordered him reinstated with back pay.

Dr. Aycock asserts the trial court erred in ordering Earle reinstated because the discharge was valid and he was barred from relitigating the same issues which were before the Grievance Committee and *from which he did not appeal.* We agree.

On appeal from an action before the trial judge alone, we may find facts in accordance with our view of the preponderance of the evidence. *Carmichael v. Dan Nance Corporation,* 274 S. C. 357, 264 S. E. (2d) 601 (1980).

The trial judge relied exclusively on the letters of April 5th and 6th, 1976 which informed Earle, Dr. Aycock and the trial court that Earle was on official leave with pay pending the outcome of the transfer litigation in *Earle v. Aycock, supra.* However, included in the April 5th letter is the closing sentence, "your office will be advised of any change in his (Earle's) status as soon as we are informed." Moreover, the trial judge did not refer in his order to the memorandum of April 23rd and 29th, 1976 which terminated Earle's leave and informed him of the consequences of unauthorized absences. Of critical importance is the hand delivered letter from Earle's attorney which Earle gave to the district administrator *when he reported to work on May 17, 1976.*

Finding facts in accord with our view of the preponderance of the evidence, we hold Earle was on official leave with pay until April 30, 1976; he had

been informed of the consequences of missing three consecutive work days due to unauthorized absence; he voluntarily absented himself from the Spartanburg office on May 18th, 19th, and 20th, 1976 and he was properly discharged on May 21st, 1976.

Moreover, Earle appealed his discharge to the State ■ Grievance Committee which upheld the validity of the discharge. *He did not appeal the decision of the committee to the courts.* He is precluded from raising the validity of the discharge in a collateral action as the decision of the committee became the law of the case, and the doctrine of *res judicata* bars the relitigation of this issue. See: *Derrick v. Gaston School District of Lexington County,* 172 S. C. 472, 478, 174 S. E. 431 (1934).

In Derrick, this Court held:

"He (the teacher) would have two tribunals, to both of which he might appeal, the county and state boards of education; or he may proceed in the Courts. But he may not try both the boards of education and the Courts and then select the decision of that one which best suits him."

We conclude the discharge for unauthorized absences was valid and the order of the court is reversed.

Reversed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.