530 F.Supp. 85 (1981)
MEHLAR CORPORATION, Plaintiff,
v.
CITY OF ST. LOUIS, MISSOURI, et al., Defendants.
No. 81-0671C(4).
United States District Court, E. D. Missouri, E. D.
December 28, 1981.
Mortimer A. Rosecan, Rosecan & Kimbrell, St. Louis, Mo., Harold R. Farrow, Thomas A. Seaton, Richard D. Harmon, Farrow, Schildhause & Wilson, Oakland, Cal., for plaintiff.
James J. Wilson, John J. FitzGibbon, Thomas J. Ray, Michael E. Hughes, Robert H. Dierker, Jr., Francis M. Oates, Edward J. Hanlon, Associate Asst. City Counselors, David W. Harlan, Guilfoil, Symington, Petzall & Shoemake, St. Louis, Mo., for defendants.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on the parties' separate pretrial motions.
Defendant City of St. Louis and defendant Management and Research Consultants, Inc., separately move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.
In support of their motions to dismiss, the parties have presented matters outside the pleadings. These matters are excluded by the Court, and are thus not considered on the motions to dismiss. Rule 12, Fed.R.Civ.P.
Although the complaint contains eleven legal theories which purport to entitle plaintiff to relief, the gravamen of the complaint is that defendants have deprived plaintiff of its rights under St. Louis City Ordinance 55312. This ordinance was approved on April 10, 1969, and granted plaintiff the nonexclusive right to operate a cable television system within the boundaries of the City of St. Louis for twenty-five years.
*86 The Court takes judicial notice of the order, judgment, and decree entered by the Circuit Court of the City of St. Louis in State of Missouri, Ex. Inf. George Peach, Circuit Attorney, Ex. Rel. City of St. Louis v. Mehlar Corporation, No. 814-00136 (September 2, 1981), notice of appeal filed, No. 44913 (Mo.App., Sept. 29, 1981). See 5 Wright & Miller, Federal Practice and Procedure § 1357. The Circuit Court of the City of St. Louis there adjudged that Mehlar Corporation "failed to comply with the terms and conditions set out in former Ordinance 55312" and "therefore forfeited all rights, privileges and franchises thereunder to the State."
Thus, a Missouri court has determined that plaintiff is not entitled to the rights which, in the case before this Court, are claimed to have been violated by defendants.
Applying principles of comity, stare decisis, and res judicata, this Court concludes that plaintiff fails to state a claim upon which relief may be granted.
Therefore, defendants' separate motions to dismiss the complaint will be granted.
Separately, plaintiff moves the Court for a preliminary injunction to prevent defendants from "further interfering with the plans of construction of a cable television system in the City of St. Louis."
For the reasons stated above, plaintiff fails to state a claim upon which relief may be granted. Therefore, plaintiff's motion will be denied as moot.