UNITED STATES ex rel SIMMONS, et al, Plaintiffs,

v.

John H. SMITH, et al., Defendants.

Civ. A. No. 85–0698–H.

United States District Court, S.D. Alabama.

Aug. 12, 1985.

As Amended Aug. 14, 1985.

United States, nor were said claims made to induce the United States to make the original grant to the Prichard Housing Authority. In essence, according to the defendant, there is no allegation in the complaint to the effect that the Treasury of the United States has been harmed.

Ishmael Jaffree, Joseph E. Carr, IV, Ann E. Taylor, Mobile, Ala., for plaintiffs.

Michael Figures, Thomas H. Figures, Mobile, Ala., for all defendants except Mayor John Smith.

Norman Gale, Jr., Melissa Posey, Mobile, Ala., for defendant Mayor John Smith.

### ORDER

HAND, Chief Judge.

This cause is before the Court on defendant John H. Smith's motion to dismiss the complaint for failure to state a claim. This *qui tam* action is brought under the Federal False Claims Act, 31 U.S.C. § 3729, which allows the United States to recover civil penalties and damages from persons making false claims against the Government. Defendant asserts that the complaint fails to state a claim because no claim was "made against the United States" as that phrase has been defined by the courts. The gist of defendant's argument is that if any fraudulent claims were made, they were made against the Prichard Housing Authority and not against the

### I.

In determining "the sufficiency of the complaint ... a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In considering the correctness of dismissal for failure to state a claim, allegations in the complaint are to be taken as true. *United States v. Mississippi*, 380 U.S. 128, 143, 85 S.Ct. 808, 816, 13 L.Ed.2d 717 (1965). Matters outside the pleadings are not considered on a motion to dismiss. Rule 12, Fed.R.Civ.P., *see Mehlar Corp. v. City of St. Louis, Mo.*, 530 F.Supp. 85 (E.D.Mo. 1981).

### II.

Title 31, Section 3729 of the United States Code provides in relevant part as follows:

"[A] person ... is liable to the United States Government ... because of the act of that person ... if the person—(1) knowingly presents, or causes to be presented, to an officer or employee of the Government or a member of an armed force a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved; (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid; ...."

Other than a conclusary allegation, the plaintiffs do not allege that any fraudulent or false claims were made to the United States Government in order to obtain payment of the grants over to the Prichard

Housing Authority. What plaintiffs did allege was that the grants, the Government having deemed the Housing Authority qualified, were misapplied by Prichard Housing Authority employees.

In *United States v. Azzarelli Construction Company*, 647 F.2d 757 (7th Cir.1981), a *qui tam* action was brought by the United States Government to recover funds allegedly obtained by collusive bidding on a state highway construction project. The United States Court of Appeals for the Seventh Circuit affirmed the district court's decision that the *qui tam* action was due to be dismissed for failure to state a claim. The reasoning of the circuit court was that the plaintiff in *Azzarelli* alleged that the defendants presented collusive bids to the State of Illinois to secure contracts for the construction of two public highways in Illinois. The construction of the highways was pursuant to a cooperative agreement for financing and constructing the highways under the Federal-Aid Highway Act. The Federal Highway Administration provided seventy percent of the funds for the projects. The federal contribution for the projects was a fixed sum that was available for expenditure by the state and was not geared to bids by the contractors. Thus the district court held that no claim was made against the United States Government on which a *qui tam* action could be sustained.

In the present cause of action, the plaintiff alleges that fraudulent payments were made to employees of the Prichard Housing Authority, who were functionally acting as staff persons for Mayor John H. Smith. There are no allegations in the complaint to the effect that sums paid by Government departments in grants to the Prichard Housing Authority were based on timesheets or expense sheets presented to the Prichard Housing Authority by the defendants.

 Thus the present cause of action may not be sustained as a *qui tam* action, as the alleged acts of the defendants did not affect the total amount contributed to the Prichard Housing Authority. The injury, if any, was borne by the Prichard Housing Authority and not the United States Government. In order to maintain a *qui tam* action the United States must be injured, and the "lack of any requirement of specific evidence of damages does not dispense with the need to establish an injury." *Azzarelli* at 762. Because the plaintiffs in the present cause of action have not shown a claim by the defendants against the United States Government and an injury to the United States Government, they cannot maintain a *qui tam* action.

Plaintiffs in their brief opposing the motion to dismiss argue that pages 18 through 27 of the complaint sufficiently allege false claims made to the United States Government. A review of those portions of the complaint, taken as true, would establish that false claims were indeed made; however, said claims would have been made against the Prichard Housing Authority. At page 3 of their *brief*, the plaintiffs state allegations, which if true, may be sufficient to establish that fraudulent claims were made against the United States Government. Those facts are not, however, alleged in the *complaint.*

Plaintiffs cite to several cases, none of which are controlling. In *Rainwater v. United States*, 356 U.S. 590, 78 S.Ct. 946, 2 L.Ed.2d 996 (1958), the narrow question decided was whether false claims against the Commodity Credit Corporation were covered by the False Claims Act. 356 U.S. at 591, 78 S.Ct. at 948. In *Marcus v. Hess*, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943), the Supreme Court held that collusive bidding came within the False Claims Act under the following facts:

[That the collusive bidding came in under the False Claims Act] can best be seen upon consideration of the exact nature of respondent's relation to the government. The contracts found to have been induced by the respondent's frauds were made between them and local municipalities and school districts of Allegheny County, Pennsylvania. A large portion of the money paid the respondents under these contracts was federal in origin,

granted by the Federal Public Works Administrator, an official of the United States.... The jury in both courts have found that the contracts were obtained by a successfully executed conspiracy to remove all possible competition from "competitive bidding". The bidding itself was a federal requirement: all bidders were fully advised that these were P.W.A. projects; and many if not most of the respondents certified that their bids were "genuine and not sham or collusive" while payment itself, in the sense of the direct transferring of checks, was done in the name of the local authorities. Monthly estimates for payments were submitted by the respondents to the local sponsors on P.W.A. forms which showed the government's participation in the work and called attention to other federal statutes prohibiting fraudulent claims. *It was a prerequisite to respondents' payment by the local sponsors that these estimates be filed, transmitted to, and approved by, the P.W.A. authorities. Payment was then made from a joint construction bank account containing both federal and local funds. The work was done under constant federal supervision.*

*The government's money would never have been placed in the joint fund for payment to respondents had its agents known the bids were collusive. By their conduct, the respondents thus caused the government to pay claims of the local sponsors in order that they might in turn pay respondents under contracts found to have been executed as the result of fraudulent bidding.* This fraud did not spend itself with the execution of the contract. Its taint entered into every swollen estimate which was the basic cause of payment of every dollar paid by P.W.A. into the joint fund for benefit of the respondents. The initial fraudulent action and every step thereafter taken pressed ever to the ultimate goal—payment of government money to persons who had caused it to be defrauded.

317 U.S. at 542–544, 63 S.Ct. at 383–384. (Citations and footnotes omitted. Emphasis added.)

What these cases and the *Azzarelli* case establish is that a complaint under the False Claims Act must contain allegations showing the relationship between the United States Treasury and the defendants sufficient to establish that claims were actually made against the United States Government. This would include the legal relationship between the agency disbursing the funds, the defendants and the United States, as well as the mechanisms involved in paying any such claims and the manner in which the relevant United States agency did or did not directly oversee the funds. No such allegations are contained within the *qui tam* plaintiffs' complaint.

Therefore, treating the allegations of the complaint as true, sufficient allegations if proven would establish that the defendants defrauded the Prichard Housing Authority. Given the complaint as pled, that is all they would prove.

Accordingly, it is ORDERED that the motion to dismiss the cause of action against defendant John H. Smith for failure to state a claim be GRANTED, but that the plaintiffs have twenty (20) days to amend the complaint in compliance with the conditions laid down by this Order.