Phillip BUTTON, Plaintiff-Appellant,

v.

Kermit HARDEN, et al.,
Defendants-Appellees.

No. 86–1760.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 5, 1986.

Decided March 3, 1987.

Mark S. Demorest, Simpson & Moran,
Birmingham, Mich., for plaintiff-appellant.

Everett E. Nicholas, Jr., Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., Chicago, Ill., for defendants-appellees.

Before CUDAHY, POSNER, and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

Phillip Button, a public school teacher in Illinois, appeals from the dismissal of his suit under 42 U.S.C. § 1983 in which he charged (so far as relevant to this appeal) that he was fired in retaliation for exercising his First Amendment right of free speech. The only question we need decide is whether the dismissal was proper on grounds of res judicata.

Button was tenured, and therefore could be fired only for cause. The school board passed a resolution to dismiss him, and the next stage under Illinois law was a hearing before a hearing officer, whose statutory function it is to "make a decision as to whether or not the teacher shall be dismissed." Ill.Rev.Stat. ch. 122, § 24–12. After an evidentiary hearing, the hearing officer decided that dismissal was warranted. Button appealed to an Illinois circuit court, which affirmed his dismissal. He then brought this suit, lost on grounds of res judicata, and appeals.

■ Button argues that neither the hearing officer nor the circuit court ever determined whether he was a victim of retaliation; all they ever found was that there was cause for dismissing him. Button's superiors had been angry at him for reporting to law enforcement authorities criminal activity by students that his superiors were trying to hush up; on the other hand Button had engaged in conduct (such as being "AWOL," albeit briefly, when one of the criminal incidents occurred. and refusing to prepare lesson plans) that did constitute statutory cause for dismissal. This evidence, pulling in two directions, created a difficult causal question. Granted that there was cause to fire Button, would he have been fired had he not angered his superiors by reporting their own misconduct to the police? (His report led to criminal charges being filed against some of them, though the charges eventually were dismissed.) If not, he was a victim of retaliation for exercising what the defendants appear to concede were his constitutional rights. Another possibility is that although he would have been fired for reporting his superiors' misconduct even if he had been a perfect teacher, he would have been fired for his own shortcomings even if he had not spoken out. In that event he could not show a causal link between the violation of his constitutional rights and the injury of which he complains, because by hypothesis whether he spoke out or kept silent he would have been dismissed just the same. The choice between these two possible interpretations of the evidence, or in other words the correct resolution of the causal issue, poses a difficult question. Maybe, though there was cause to fire Button, he would not have been fired but for his speaking out, in which event he was a victim of retaliation; but maybe he would have been fired anyway, in which event he was not a victim of retaliation even if his superiors were brimming over with unconstitutional wrath against him. Section 1983 is a tort statute. To prevail under it a plaintiff must show not only that his federal rights were violated but also that, had it not been for the violation, the injury of which he complains would not have occurred, *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285–87, 97 S.Ct. 568, 575–76, 50 L.Ed.2d 471 (1977); *DeShaney v. Winnebago County Dept. of Social Services*, 812 F.2d 298, 302 (7th Cir. 1987); and the injury of which Button complains is his dismissal.

Much of the parties' dispute in this court is over the question whether the hearing officer and the circuit court addressed the causal question. Button points to parts of the hearing officer's opinion which make it seem that the officer conceived his function as being merely to decide whether the school board had cause to fire Button, rather than to decide as well whether the board would have acted on that cause but for its anger at Button for having spilled the beans. The defendants point to other parts of the opinion which seem to suggest that Button would have been fired anyway. (All

the circuit court said about the question was: "The hearing officer almost found retaliation.") This dispute is important to the defendants' alternative ground for upholding the dismissal of the suit, which is that the hearing officer actually resolved the retaliation issue against Button, and hence (since the hearing officer's decision was affirmed by the circuit court) the doctrine of collateral estoppel bars relitigating it. But it is not important to the issue of res judicata.

■ When Button lost before the hearing officer, he had two choices if he wanted to pursue his constitutional claim. First, since there is (with an immaterial exception) no requirement of exhausting state administrative remedies before bringing a suit under section 1983, he could sue forthwith in federal court under that statute. Then the only question would be whether the hearing officer had actually decided the issue of retaliation; if he had, relitigation of it would be barred by the principle that findings made by state administrative bodies acting in a judicial capacity have collateral estoppel effect in suits under section 1983. *University of Tennessee v. Elliott*, — U.S. ——, 106 S.Ct. 3220, 3225–27, 92 L.Ed.2d 635 (1986).

■ The second choice open to Button was to file a suit in Illinois circuit court for judicial review of the hearing officer's determination. If he followed that route, he had to allege every ground for relief that he had against the hearing officer's action in dismissing him, provided it was a ground that the circuit court had authority to consider. Otherwise he would be splitting his claim, and would be vulnerable to a defense based on res judicata if he ever tried to relitigate the dismissal. The operation of this rule in Illinois (and it is Illinois' law of res judicata which determines whether this suit is barred by the judgment in Button's suit in the circuit court, see 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985)) is illustrated by *Edwards v. City of Quincy*, 124 Ill.App.3d 1004, 80 Ill.Dec. 142, 464 N.E.2d 1125 (1984). The plaintiffs had

been denied a city building permit. They brought an administrative review action in the circuit court, and lost. They then brought a damage action for statutory and constitutional violations in the denial of the permit, and the court held that this suit was barred by the final judgment of the circuit court in the administrative review proceeding. See also *Frier v. City of Vandalia*, 770 F.2d 699, 701–02 (7th Cir.1985).

■ The second route—a suit in circuit court for review of administrative action, followed by a suit under section 1983—is the one that Button followed. The federal suit is therefore barred by the judgment in the administrative review proceeding—provided he could have raised his First Amendment ground in that proceeding. "The reviewing court's judgment ... is *res judicata* to all issues raised before it, and all issues, which could have been raised on the record but were not, are deemed waived." 124 Ill.App.3d at 1012, 80 Ill.Dec. at 149, 464 N.E.2d at 1132 (citation omitted).

Button could have raised the First Amendment ground in the circuit court proceeding. The *Edwards* decision makes this clear. The court said that the plaintiffs "incorrectly maintain they could not raise their constitutional and statutory claims in that setting. The purpose of administrative review is to make certain the agency has acted within its judicial bounds defined by law, to guard those statutory and constitutional rights guaranteed to one subject to administrative action, and to ascertain whether the record supports the order issued." 124 Ill.App.3d at 1012, 80 Ill.Dec. at 148, 464 N.E.2d at 1131 (citation omitted). Thus, if the dismissal violated the Constitution because Button would not have been dismissed had he not exercised his First Amendment rights, the circuit court would have set it aside had he asked it to do so on that ground.

We can imagine the following type of problem: the hearing officer is empowered only to determine whether there is cause to dismiss—not whether that cause would actually have motivated the school board to dismiss the teacher had it not been for his exercise of constitutional rights—and the

circuit court is empowered only to determine whether there is substantial evidence to support the hearing officer's findings. On these assumptions there would be no way for Button to obtain a determination of the causal issue. But the assumptions are imaginary. Nothing in Illinois law suggests that the hearing officer would have refused to make a finding on the causal issue if he had been asked to do so; nor has Button ever argued that the hearing officer lacked statutory authority to make such a finding. The hearing officer did not exclude the evidence of retaliation, as he would have done if he had thought the only relevant issue was whether the school district had had sufficient reasons for firing Button, whether or not those reasons did motivate or would have motivated its action in the absence of retaliatory designs. On the contrary, the issue of retaliation was a focal point of the hearing. The causal issue—whether Button's misconduct was so serious that the district would have been moved to fire him even if he had never complained to the police about his superiors' misconduct—is tricky and the hearing officer may have misunderstood it and failed to make necessary findings; but in that case Button's recourse, if he wanted to pursue the matter in the Illinois courts, was to ask the circuit court to remand the case to the hearing officer for additional findings. At worst, the hearing officer and the circuit court may have made a mistake in resolving the causal issue raised by Button's claim of retaliation. But of course a substantive error is not a ground for refusing to apply res judicata; otherwise the doctrine would be nugatory.

AFFIRMED.