Frances W. BRIGGS, Plaintiff,

v.

The NEWBERRY COUNTY SCHOOL DISTRICT; Vance O. Johnson, in his individual capacity; Mitchell Strickland, in his individual capacity; Donna Elmore, in her individual capacity, Defendants.

Civ. A. No. 8:92–0179–3.

United States District Court, D. South Carolina.

June 9, 1992.

James Lewis Cromer, Columbia, SC, for plaintiff.

Kenneth Lendrem Childs, Mary Jane Turner, Allen D. Smith, Childs & Duff, P.A., Columbia, SC, for defendants.

## ·ORDER

. GEORGE ROSS ANDERSON, Jr., District Judge.

## *INTRODUCTION*

This case arises from the nonrenewal of Plaintiff's employment contract with the Newberry County School District in May 1990. Plaintiff, Frances W. Briggs, initiated this action under 42 U.S.C. § 1983 against Defendants, Newberry County School District, Vance O. Johnson, Mitchell Strickland, and Donna Elmore, alleging violations of her constitutional rights of free speech and procedural due process.

Specifically,. Plaintiff asserts that Defendants terminated her employment in retaliation for her criticism of her supervisors, allegedly an exercise of her First Amendment right of free speech. In addition, Plaintiff contends that Defendants failed to accord her procedural due process in the conduct of the pre-termination administrative hearing before the District Board of Education.

This matter is presently before the Court upon Defendants' motion to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6).[1] Defendants contend that the doctrines of *res judicata* and collateral estoppel preclude or bar Plaintiff's federal claims. The Court agrees that principles of claim preclusion prevent the litigation of Plaintiff's present claims and, therefore, grants Defendants' motion to dismiss.

## *STATEMENT OF FACTS*

The District first employed Plaintiff in 1984 as the Coordinator and Phase I Instructor in the Licensed Practical Nursing (LPN) program at its Vocational Center. During Plaintiff's tenure, district administration received numerous complaints about Plaintiff's lack of professionalism in her dealings with students, colleagues, and clinical site staff. ·Plaintiff's supervisors, the individual defendants in this case, also found Plaintiff to be uncooperative and insubordinate, and they believed her performance impacted negatively upon the LPN program. Because of the dissatisfaction with Plaintiff's job performance, Defendant Johnson, then the Superintendent of the District, recommended to the District Board of Education that Plaintiff's employment not be continued beyond the .end of the 1989–90 school year.

Subsequent to the Superintendent's recommendation, Plaintiff requested and received a quasi-judicial evidentiary hearing before the Board as provided by S.C.Code Ann. §§ 59–25–460, –470 (Rev.1990). At the hearing Plaintiff was afforded the right to be represented by legal counsel, the right to produce witnesses and other documentary evidence, and the right to cross-examine the District's witnesses. At the conclusion of the hearing, the Board determined that the testimony and evidence demonstrated good and sufficient cause for nonrenewal and voted to uphold the Superintendent's recommendation.

On May 30, 1990, Plaintiff appealed the Board's decision to the circuit court of South Carolina pursuant to § 59–25–480. The circuit court examined the record of the Board hearing and concluded that there was substantial evidence to support the Board's decision to accept Defendant Johnson's recommendation of contract nonrenewal. Thereafter, Plaintiff filed a motion to alter or amend the judgment pursuant to S.C.R.Civ.P. 59, raising for the first time the claims now asserted in this federal cause of action. On November 5, 1991, the state court issued an order denying Plaintiff's motion. No appeal to the state court decision was taken by Plaintiff. This action ensued.

## *DECISION AND ORDER*

**A.** *Judicial Notice May Be Taken Of The Prior Administrative And Judicial Proceedings*

▮ Fed.R.Evid. 201 provides that a court shall take judicial notice of adjudicative

---

1. Plaintiff also has filed a motion to strike Defendants' Reply Memorandum. In light of the Court's ruling below, this motion has been rendered moot and will not be considered.

facts when requested by a party and supplied with the necessary information, when the judicially noticed fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Facts subject to judicial notice may be considered by a court on a motion to dismiss. *Dickinson v. Indiana State Election Bd.*, 740 F.Supp. 1376 (S.D.Ind.1990), *rev'd on other grounds*, 933 F.2d 477 (7th Cir.1991); *Nejad v. United States*, 724 F.Supp. 753 (C.D.Cal.1989). When entertaining a motion to dismiss on the ground of *res judicata* or collateral estoppel, a court may judicially notice facts from a prior judicial proceeding. *Mehlar Corp. v. City of St. Louis, Missouri*, 530 F.Supp. 85 (E.D.Mo. 1981) (dismissing an action on a Rule 12(b)(6) motion on the basis of *res judicata*).

The record of the prior administrative and state court hearings in this case is a source whose accuracy cannot reasonably be questioned. Accordingly, this Court takes judicial notice of the prior proceedings between the District and Plaintiff and, further, hereby considers those proceedings in ruling on Defendants' motion to dismiss.

### B. *Preclusive Effect Must Be Afforded To The Prior State Judicial Proceeding If South Carolina Courts Would Afford That Proceeding Preclusive Effect*

■ Under 28 U.S.C. § 1738, the records or judicial proceedings of a state court "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such state...." Section 1738 "does not allow federal courts to employ their own rules of *res judicata* in determining the effect of state judgments"; rather, it "commands a federal court to accept the rules chosen by the state from which the judgment is taken." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982). Further, the state court judgment is not required to follow a trial *de novo* to operate as a bar to subsequent actions; the judicial affirmance of an administrative decision is entitled to preclusive effect under § 1738. *Kremer*, 456 U.S. at 480 n. 21, 102

S.Ct. at 1896 n. 21. Therefore, this Court must analyze the law of South Carolina to determine whether the prior state court judgment affirming the Board's decision to nonrenew Plaintiff's employment contract operates as *res judicata.*

■ The doctrine of *res judicata* embodies two distinct preclusion concepts: (1) claim preclusion; and (2) issue preclusion. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 376 n. 1, 105 S.Ct. 1327, 1329 n. 1, 84 L.Ed.2d 274 (1985); *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). Claim preclusion refers to the preclusive effect of a judgment in foreclosing litigation of matters which should have been raised in an earlier suit, while issue preclusion refers to the effect of a judgment in precluding the relitigation of a matter actually litigated and decided. *Id.* In this case the Court does not need to consider the applicability of issue preclusion and, therefore, bases its decision upon the concept of claim preclusion.

In a case very similar to this one, *Button v. Harden*, 814 F.2d 382 (7th Cir.1987), the Seventh Circuit applied the rule of claim preclusion to bar a plaintiff's federal § 1983 claim based upon the First Amendment. In *Button*, a school board passed a resolution to dismiss Button, a tenured public school teacher. An evidentiary hearing was held, and a hearing officer found that the dismissal was warranted. Button then appealed to the Illinois state court, which affirmed his dismissal. After the state court affirmance, Button brought a § 1983 action alleging that he was fired in retaliation for exercising his right of free speech.

In holding that claim preclusion barred Button's federal claim because it could have been asserted before the state court, the Seventh Circuit noted that Button had two options following the administrative hearing. He could have filed an action in federal court, or he could have pursued his appeal in the state court. If he elected to pursue his state remedy, the Seventh Circuit noted, Button would be required to allege every ground for relief which the state court had authority to consider. 814 F.2d at 384. The Seventh

Circuit held that Button, having chosen to go into state court, could have raised the First Amendment ground in that proceeding. If his dismissal had been in violation of the Constitution, the state court would have set it aside. *Id.* Consequently, the federal action was precluded by the previous judgment affirming Button's dismissal.

The Court finds *Button* to be persuasive in this case. As in *Button*, Plaintiff's dismissal could have been set aside by the circuit court if it had been in violation of her constitutional rights to free speech or procedural due process. *See Kizer v. Dorchester County Voc. Educ. Bd. of Trustees*, 287 S.C. 545, 340 S.E.2d 144 (1986) (teacher appeal wherein the court expressly considered and rejected a teacher's due process claims). *Cf.* S.C.Code Ann. § 1–23–380(g)(1) (Rev.1986) (stating that a circuit court may reverse the decision of an administrative agency if the administrative conclusion or decision is in violation of constitutional or statutory provisions).

Plaintiff contends that *Button* is distinguishable on the ground that there is a critical difference between the law of South Carolina and the law of Illinois on the question of *res judicata* or claim preclusion. Based upon an examination of the law of each state, however, the Court concludes that the doctrines are very similar in the two jurisdictions. *See Jimmy Martin Realty Group, Inc. v. Fameco Distrib., Inc.*, 300 S.C. 192, 386 S.E.2d 803 (Ct.App.1989); *Wessinger v. Rauch*, 288 S.C. 157, 341 S.E.2d 643 (Ct.App. 1986); *Edwards v. City of Quincy*, 124 Ill. App.3d 1004, 80 Ill.Dec. 142, 464 N.E.2d 1125 (4 Dist.1984). Both states apply essentially the same prerequisites of claim preclusion.

### C. *The Law Of Claim Preclusion In South Carolina Would Bar Plaintiff's Relitigation of Her Constitutional Claims*

 Under the principles of claim preclusion, a final judgment on the merits in a prior action will absolutely bar the parties and their privies from litigating in a subsequent action issues actually litigated and issues that could have been raised in the first action. *Jaynes v. County of Fairfield*, 303 S.C. 434, 401 S.E.2d 183 (Ct.App.1991); *Cal-*

*vert v. Calvert*, 287 S.C. 130, 336 S.E.2d 884 (Ct.App.1985). To raise the bar of claim preclusion, the following three elements must be shown: (1) identity of the parties or their privies; (2) identity of the subject matter of the litigation; and (3) a final determination on the merits of the claim in the former proceeding. *H.G. Hall Constr. v. J.E.P. Enterprises*, 283 S.C. 196, 321 S.E.2d 267 (Ct. App.1984).

As noted above, Plaintiff could have presented her constitutional claims to the circuit court, and, in fact, she attempted to do so, albeit belatedly, as the basis of her motion to alter or amend the judgment. Because Plaintiff could have raised her present claims in the prior action, they are precluded by the doctrine of claim preclusion if its three elements exist in this case.

### 1. *Identity of parties or their privies*

The first prerequisite of claim preclusion, identity of the parties or their privies, is present in this case. At the very least, each of the named Defendants in this case is in privity with the parties to the administrative and state court actions. The term "privy," as used in the context of *res judicata*, refers to a person "so identified in interest with another that he represents the same legal right." *Richburg v. Baughman*, 290 S.C. 431, 351 S.E.2d 164, 166 (1986). The concept of privity focuses upon a person's relationship to the subject matter of the litigation. *Wyndham v. Lewis*, 292 S.C. 6, 354 S.E.2d 578 (Ct.App. 1987). As stated in *H.G. Hall Constr. Co.*, 321 S.E.2d at 267, an individual in privity with a party is "one whose legal interests were litigated in the former proceeding."

The first named Defendant in this case, the District, clearly is in privity with the respondents in the circuit court appeal, the members of the District Board of Education in their official capacities. The Board is the governing body of the District and has the statutory authority to manage and control the District. *See* S.C.Code Ann. § 59–19–10 (Rev.1990). An action against the Board, in essence, is an action against the District. Moreover, a governmental entity is generally held to be in privity with its officers who are named in their official capacities in a judicial

proceeding. *Cf. Gray v. Lacke,* 885 F.2d 399 (7th Cir.1989); *Conner v. Reinhard,* 847 F.2d 384 (7th Cir.1988).

The remaining individual Defendants are or were district employees directly involved in the decision to nonrenew Plaintiff's contract. Defendant Johnson served as the Board-appointed Superintendent and the chief administrator of the District. As such, he implemented the Board's policies and directives, and his interests coincide with that of the District and the Board. In addition, Defendant Johnson, in effect, was the adverse party to Plaintiff in the administrative hearing, as he initiated the nonrenewal proceedings by recommending Plaintiff's contract nonrenewal to the Board. The final two Defendants, Strickland and Elmore, were appointed by the Board and served under the direction of the Superintendent as administrative level employees. Each individual Defendant also offered testimony at the Board hearing adverse to Plaintiff. The interests of each individual Defendant in the subject matter of this litigation are the same as those of the District and the Board, *i.e.,* the validity of the Plaintiff's nonrenewal, and those interests were litigated in the former proceeding.

Another principle of law relevant to this issue provides as follows:

> [One] who prosecutes or defends a suit in the name of another, to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own, and who does this openly, to the knowledge of the opposing party, is as much bound by the judgment, and as fully entitled to avail himself of it, as an estoppel against an adversary party, as he would be if he had been a party to the record.

*Patterson v. Saunders,* 194 Va. 607, 74 S.E.2d 204, 209 (1953). *See also Thompson v. Lassiter,* 246 N.C. 34, 97 S.E.2d 492 (1957).

In this case each individual Defendant openly prosecuted the action before the Board and, as administrators of the District, each had an interest to protect in the nonrenewal of Plaintiff's employment, that interest being the lawfulness of their actions in connection with the nonrenewal. Hence, an identity of parties or their privies exists, and Defendants are entitled to avail themselves of the defense of claim preclusion.

### 2. *Identity of subject matter*

The second element that must exist to raise the bar of claim preclusion is an identity of subject matter. The test applied by South Carolina courts to determine whether there is an identity of subject matter for *res judicata* purposes focuses upon the primary right and duty in each case. If the primary right and duty and alleged wrong are the same in each action, there is an identity of subject matter. *See Jimmy Martin Realty Group,* 386 S.E.2d at 805.

In this suit Plaintiff asserts two causes of action, based upon her rights to free speech and procedural due process. The alleged wrongs committed by the District are the nonrenewal of Plaintiff's employment contract in retaliation for the exercise of her protected First Amendment right and in violation of her right to procedural due process prior to the deprivation of a property interest. In essence, the primary right involved in the administrative and state judicial proceedings, and in this action, was Plaintiff's right to continued employment. The alleged wrong in both cases was the District's nonrenewal of her employment contract.

The expansive approach which South Carolina courts take in addressing the question of the identity of subject matter for *res judicata* purposes, and in applying the doctrine of claim preclusion generally, is illustrated by the decision in *Earle v. Aycock,* 276 S.C. 471, 279 S.E.2d 614 (1981). In *Earle,* the plaintiff, who had been terminated from the Department of Health and Environmental Control because of unauthorized absences, challenged the validity of his discharge before the State Grievance Committee. The committee upheld the termination, and the plaintiff did not appeal the committee's decision to the state court. However, the plaintiff subsequently instituted an original action in state circuit court, challenging his termination on the ground that it was discriminatory (as well as erroneous).

In holding that the decision of the committee prevented the plaintiff from again litigat-

ing the lawfulness of his termination, the Court in *Earle* stated: "[h]e is precluded from raising the validity of the discharge in a collateral action as the decision of the committee became the law of the case, and the doctrine of *res judicata* bars the relitigation of this issue." 279 S.E.2d at 616. Just as there was an identity of the subject matter of the claims in *Earle* based on successive challenges to the plaintiff's termination, so in this case is there an identity of the subject matter and claims based on the present Plaintiff's successive attacks on the lawfulness of her dismissal.

Because the claims in this action are identical to the subject matter involved in the previous administrative hearing and circuit court appeal, an identity of subject matter is present.

### 3. *Final determination on the merits*

The third requisite of claim preclusion, a final determination on the merits, also is present in this matter, as the circuit court rendered a final decision upon the merits of Plaintiff's appeal.[2]

Accordingly, all three elements of claim preclusion are satisfied in this case, and Plaintiff's claims are barred the rule of claim preclusion.

### D. *Principles Of Judicial Estoppel Also Preclude Plaintiff's First Amendment Claim*

While not necessary to the disposition of the present motion, the Court is somewhat troubled by what appears to be inconsistent positions taken by the Plaintiff during the state proceedings and in the present action regarding the basis for her constitutional claims.

In *Allen v. Zurich Ins. Co.*, 667 F.2d 1162 (4th Cir.1982), the Fourth Circuit stated the following concerning judicial estoppel:

In certain circumstances a party may properly be precluded as a matter of law from adopting a legal position in conflict with one earlier taken in the same or related litigation. "Judicial estoppel" is

invoked in these circumstances to prevent the party from "playing fast and loose" with the courts, and to protect the essential integrity of the judicial process.

667 F.2d at 1166–67.

There is some indication in the record that, during the earlier state proceedings, Plaintiff denied that certain statements made by her were directed toward her supervisors, and which she now claims constitute protected speech as a criticism of her supervisors. If such is the case, then there clearly is a conflict in the legal positions which Plaintiff previously took in the state proceedings and which she now takes before this Court, and, if so, this action is an appropriate case for the application of judicial estoppel as well as claim preclusion. *See Allen, supra.*

Accordingly, for the above reasons, the Court concludes that the Defendants' motion to dismiss should be granted, and, therefore, Plaintiff's complaint is hereby dismissed.

AND IT IS SO ORDERED.

---

2. For purposes of applying the doctrine of claim preclusion in this case, the Court concludes the state court's rejection of Plaintiff's belated at-

tempt to raise constitutional claims in her state court appeal, through a motion to alter the judgment, constitutes a decision "on the merits."