48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Roy E. FORD, Plaintiff/Appellant,
v.
CITY OF ROCKFORD, Police and Fire Commissioners Dennis
Johnson, Charles Perteete, et al., Defendants/Appellees.
 No. 92-3757.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1995.*
Decided March 6, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In 1986 Roy E. Ford was taken into custody by two police officers in Rockford, Illinois, after having an altercation with the officers as they attempted to arrest him for refusing to show his driver's license. Ford was later charged with failure to produce a valid driver's license on demand, aggravated battery to a police officer, obstruction of justice and resisting arrest. After he was convicted of obstruction of justice and acquitted of all other charges, Ford brought an action pursuant to 42 U.S.C. Sec. 1983 against the defendants alleging that they violated, among other things, his right to be free from unreasonable searches and seizure under the Fourth and the Fourteenth Amendment. The district court granted the defendants' motion to dismiss because the statute of limitation had already run, see Wilson v. Garcia, 471 U.S. 261, 279 (1985), but allowed Ford to amend his complaint. In his amended complaint, Ford alleged that the defendants maliciously prosecuted him because he is black in violation of his equal protection rights. The district court granted summary judgment in favor of the defendants, see Fed.R.Civ.P. 56, and Ford appeals.
 
 
 2
 We review a grant of summary judgment de novo, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), viewing the record and the inferences drawn from it in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). We will affirm if there is no genuine issue of material fact such that judgment is proper as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 3
 To succeed on a Sec. 1983 claim for malicious prosecution based on a violation of equal protection rights,[1] Ford must show, in addition to the elements of malicious prosecution under state law, that the defendants purposefully discriminated against him based on his membership in a particular class, not just on an individual basis. Washington v. Davis, 426 U.S. 229 (1976); Sherwin Manor Nursing Center v. McAuliffe, 37 F.3d 1216, 1220 (7th Cir.1994). That is, Ford bears the heavy burden of establishing not only that he was treated differently, but also that the defendants acted with discriminatory intent. Sims v. Mulcahy, 902 F.2d 524, 538-39 (7th Cir.1990).
 
 
 4
 Ford failed to point to any statements or actions by the defendants showing that the officers stopped, arrested or prosecuted him because of racial animus. Ford was initially approached by the officers when he was standing next to his car with the hood of the car open. He informed the officers that he was having car problems and that assistance was coming. The officers later returned to the scene and observed that Ford was not waiting inside the car for assistance to arrive despite the fact that it was raining. According to the officers, Ford did not appear to be fixing the car but was looking at the engine compartment, as well as looking around and over the hood of the car. When Ford finally got into the car and drove away without waiting for assistance, the officers stopped him and asked to see his driver's license. The parties disputed whether Ford closed the hood of the car first or whether he started the engine first. As the officers proceeded to arrest Ford upon his repeated refusal to produce his driver's license, a scuffle ensued between Ford and the officers. According to the officers, the altercation began when Ford suddenly pulled his hands forward, clenched his fists and started to spin towards one of the officers. Ford conceded that no racial slurs or any comments concerning his race were made during his entire encounter with the two officers.
 
 
 5
 From the sequence of the events and the surrounding circumstances, we conclude that the officers' actions were motivated by their suspicion of Ford's behavior rather than by racial animus. The car was parked on a private driveway on a street that led to a secluded residential area. The officers testified in their depositions that through their experience as police officers, they were aware of situations where accessories to crimes such as burglaries and home invasions have used "staged vehicle scenes" to keep a "lookout" or to survey an area. Ford claims that the officers' decision to stop him was based on race because he, a black, was in a predominately white neighborhood. Even if that is true, it still does not amount to an equal protection violation. Given the surrounding circumstances and the fact that the officers' suspicion was aroused by Ford's behavior, we cannot say that Ford has met his burden of establishing that the officers acted with discriminatory intent in considering the factor of racial incongruity, i.e. a black in a predominately white area. Similarly, the officers' altercation with Ford was not prompted by racial animus; the officers were responding to Ford's threatening physical movements. This is true especially because Ford was 6'5 1/2" tall and weighed 270 pounds. Because Ford has failed to show that he was subjected to differential treatment by the officers based upon the officers' racial animus, his equal protection claim cannot succeed.
 
 
 6
 In any event, the existence of probable cause to arrest is an absolute bar to a malicious prosecution claim. Biddle v. Martin, 992 F.2d 674, 678 (7th Cir.1993); Fernandez v. Perez, 937 F.2d 368, 371 (7th Cir.1991); Smith v. City of Chicago, 913 F.2d 469, 473 (7th Cir.1990), cert. denied, 501 U.S. 1217 (1991). There was probable cause for the officers to arrest Ford for failure to produce a valid driver's license upon demand, a violation under Illinois state law, see 625 ILCS 5/6-112; Ford refused to produce his driver's license despite the officers' repeated requests. Similarly, there was probable cause to arrest Ford for aggravated battery and resisting arrest; Ford engaged in a physical altercation with the police officers, throwing one of the officers onto the hood of the car. There was probable cause to arrest Ford, and thus, his malicious prosecution claim is barred. The district court's grant of summary judgment is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 In his first amended complaint, Ford alleged that his malicious prosecution claim was based also on a substantive due process violation, although he seemed to abandon that basis in his second amended complaint. In granting the defendants' motion for summary judgment, the district court addressed and rejected the substantive due process claim. Subsequent to the district court's decision, the Supreme Court held that in determining whether malicious prosecution is actionable under Sec. 1983, substantive due process "may not furnish the constitutional peg on which to hang such a 'tort.' " Albright v. Oliver, 114 S.Ct. 807, 811 n. 4 (1994). The Court suggests that a Sec. 1983 claim for malicious prosecution may be maintained under the Fourth Amendment if the malicious prosecution committed by state actors resulted in arrest or other seizure. Id. at 813; see also Smart v. Board of Trustees, 34 F.3d 432, 434 (7th Cir.1994). We note briefly that Ford would not have succeeded under that theory. Aside from the fact that his challenge to the stop was time-barred, Ford cannot show that but for the alleged malicious prosecution, he would not have suffered the injury of being deprived of his liberty. See Rakovich v. Wade, 850 F.2d 1180, 1190 (7th Cir.1987) (en banc); Button v. Harden, 814 F.2d 382, 383 (7th Cir.1987) (a Sec. 1983 plaintiff must show "not only that his federal rights were violated but also that, had it not been for the violation, the injury of which he complains would not have occurred"). Even if the defendants had not pursued the two charges Ford was acquitted of, Ford would have had to stand trial for the obstruction of justice charge, a charge which resulted in conviction