**W. R. LLOYD, Jr. and Margaret West Lloyd, Plaintiffs,**

v.

**Charles H. LAWRENCE, Defendant.**

**Civ. A. No. 71–H–657.**

United States District Court,
S. D. Texas,
Houston Division.

June 22, 1973.

Tom P. Alexander of Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for plaintiffs.

Robert J. King of Liddell, Sapp, Zivley & Brown, Houston, Tex., for defendant.

### MEMORANDUM AND ORDER

NOEL, District Judge.

On January 18, 1973, the United States Court of Appeals for the Fifth Circuit, 472 F.2d 313, reversed this Court's summary judgment in favor of plaintiffs and remanded the case for further proceedings. Since that date, the parties have presented twenty-eight (28) writings to the Clerk of this Court for filing. A simple suit to collect on promissory notes has become encrusted beyond recognition with Motions, Oppositions to Motions, Supplemental Motions, and Supplemental Oppositions.

On February 1, plaintiffs tendered a Motion for Leave to File an Amended Complaint together with an Order and an Amended Complaint to the Clerk for filing. At that time the twenty-one (21) day period subsequent to judgment during which the Court of Appeals retained jurisdiction of the case had not expired. Fed.R.App.P. 41. The mandate to this Court, consisting of a Memorandum Opinion and Judgment, was issued by the Clerk of the Court of Appeals on February 6 and received by the District Clerk at Houston, Texas, on February 7. Under these facts, the question is raised as to this Court's jurisdiction of this cause prior to February 6, 1972.

With few exceptions, the federal jurisprudence strictly adheres to the concept of jurisdiction based on

location.[1] A case is lodged in only one court at any one time.[2] When an appeal is taken from a decision of the district court, the jurisdiction of the district court terminates. That of the court of appeals attaches upon the filing of an adequate notice of appeal. Fed.R.App.P. 4(a); Gill v. Commissioner of Internal Revenue, 306 F.2d 902 (5th Cir. 1962). Thereafter, the district court has no jurisdiction and accordingly no control or power over the litigants or the case *except* to aid the appeal or correct clerical errors. Fed.R.App.P. 7, 8, 10 and 11; Fed.R.Civ.P. 60(a); Walleck v. Hudspeth, 128 F.2d 343 (10th Cir. 1942); 9 Moore's Federal Practice and Procedure § 203.11.

The jurisdiction of the court of appeals does not terminate upon the issuance of an opinion by that court. Jurisdiction remains in that court for an additional twenty-one (21) days. Fed.R. App.P. 41. Only after the expiration of this period *and* by the issuance of the mandate does the jurisdiction over the case move from the court of appeals back to the district court.

During the interim between the filing of the notice of appeal and the issuance of the mandate, the district court is powerless to take any action in a case except for the limited purposes of aiding the appeal or correcting errors. Sykes v. United States, 392 F.2d 735 (8th Cir. 1968); Walker v. Felmont Oil Corp., 262 F.2d 163 (6th Cir. 1958). Any other action taken by the district court during such interim is null, void and of no force or effect for any purpose. Merritt-Chapman & Scott Corp. v. City of Seattle, 281 F.2d 896 (9th Cir. 1960); Grand Opera Co. v. Twentieth Century-Fox Film Corp., 235 F.2d 303 (7th Cir. 1956). This Court construes the "any action" proscribed by these principles to include the action involved in filing writings in the district court which do not aid the appeal or seek correction of clerical mistakes.

"A clerk of a district court of the United States is the court's administrative officer." United States v. Monjar, 154 F.2d 954 (3rd Cir. 1946). Title 28, U.S.C. § 956 provides, "The clerk of each court and his deputies and assistants shall exercise the powers and perform the duties assigned to them by the court." Obviously, the Clerk may not take action which the Court itself may not take. If the Court has no power over a case during a given period, neither does the Clerk. It follows that during any period in which the Court has no jurisdiction of a case, and particularly while it is on appeal, the Clerk may not file any writing other than one the purpose of which would be to aid the appeal or correct errors. To do so suggests that the Court could or would act upon the writing in a case not pending before it and over which it has no jurisdiction.

The authorities are uniform in holding that in a given case, the district court may not allow the filing of amended or supplemental pleadings prior to the issuance of the mandate by a court of appeals. Thompson v. Harry C. Erb, Inc., 240 F.2d 452 (3rd Cir. 1957); Brasier v. United States, 229 F.2d 176 (10th Cir. 1955).

Seven (7) writings, including Plaintiffs' Motion for Leave to File an Amended Complaint, were brought to the Clerk's Office before the mandate

---

1. See, 28 U.S.C. § 1446 (removal of state court case) 28 U.S.C. § 1447 (remand to state court) 28 U.S.C. § 1404 (change of venue); Fed.R.App.P. 4 (taking of an appeal).

2. 9 Moore's Federal Practice & Procedure § 203.11. Conversely, jurisdiction of a case does not rest in one court for one purpose and in another for other purposes. An exception to this general rule is a request for a temporary injunction, the granting or denying of which may be appealed without affecting movement of the case in the district court. Janousek v. Doyle, 313 F.2d 916 (8th Cir. 1963).

was issued by the Court of Appeals on February 6, 1973. The writings were not intended to aid in the appeal or for the correction of errors. They were intended to cause action by this Court which it was not authorized to take. Therefore, the Court deems the Clerk's actions in accepting these writings to have been null, void and of no force or effect. See Sykes v. United States, supra. Such writings may not be considered by this Court for any purpose.

Although the Clerk had no authority to receive and file the writings, plaintiffs' counsel must in the first instance bear responsibility for the consequences. Though an able and experienced attorney, in his eagerness to further his clients' interests, he ignored the above basic principles and rules of federal jurisdiction. The reasons for his action are obvious.

The first paper brought to the Clerk's Office subsequent to publication of the Court of Appeals opinion and purportedly filed on January 26, 1973, was an Application for Writ of Garnishment to be issued against National Surety Corporation as garnishee. National Surety Corporation had provided the supersedeas bond for defendant's appeal. Fed.R. App.P. 8. As security for the bond, National Surety held a certificate of deposit beneficially owned by defendant. Under the terms of the bond, all obligations secured thereby were voided by the decision of the Court of Appeals. Therefore, the bond would expire upon receipt of the mandate by the Clerk of this Court. Presumably, National Surety Corporation would have returned the certificate of deposit to defendant within a few days. By his action, plaintiffs' attorney sought to attach the certificate of deposit before it was returned. His interest in the certificate of deposit is further demonstrated by the fact that on two subsequent occasions, February 1 and 12, 1973, plaintiffs' counsel brought additional Applications for Writs of Garnishment to the Clerk for filing.

Plaintiffs' attempts to garnish the certificate of deposit cannot be allowed for several reasons. First, this Court did not regain jurisdiction over the case until February 6, 1973, although the Clerk had purported to file the applications on January 26 and February 1. On such dates, the Clerk was powerless to take "any action" with respect to the case.

Secondly, assuming arguendo that accepting and filing the writings was proper, the issuance of writs of garnishment was plainly ultra vires. Neither Fed.R.Civ.P. 64, nor the applicable state statute, Vernon's Tex.Rev.Civ.Stat.Ann. art. 4076, authorizes the United States District Clerk to issue a writ of garnishment while a case is on appeal. The Clerk's authority to do so is limited to the period during which a case is pending in this Court for reasons later given.

For these reasons, neither the Court nor its Clerk could act on Plaintiffs' Applications for Writ of Garnishment of January 26 and February 1, and the writs issued pursuant thereto are null and void and of no force or effect. Accordingly, defendant's Motion to Quash the Writs issued subsequent to the January 26 and February 1 applications is hereby granted.

Although the writ of garnishment issued subsequent to the February 12 application is not facially defective, the Court having regained jurisdiction over the case by that date, the Court nonetheless concludes that this writ was tainted by the previous irregularities and must also be quashed. Normally, garnishee's relationship with defendant would have terminated on February 7 by the Court of Appeals decision in defendant's favor. The supersedeas bond expired on that date. Defendant could have recovered the certificate of deposit on that date and presumably he would have done so. However, the writ improperly issued January 26 was served on National Surety Corporation on January 30.

Fearing possible liability, the garnishee did not release the certificate to defendant but has retained it to the present time. Thus, when the later writ of February 12 was served on February 14, National Surety had possession of the certificate of deposit. The Court infers that but for the improper action of filing the applications on January 26 and February 1, and the ensuing issuance of the writs, the garnishee would not have possessed the certificate of deposit on February 14 and thus would not be subject to garnishment. In order to eliminate the effects of the improper prior action, the February 12 writ must also be quashed. For this same reason, no further garnishment of this asset can be allowed and any later application will be denied.

All three of plaintiffs' applications must also be denied because of a second deficiency: noncompliance with the Texas garnishment statute and the federal rules. Tex.Rev.Civ.Stat.Ann. art. 4076(2) provides the garnishment remedy "when the plaintiff sues for a debt. . . ." Fed.R.Civ.P. 64, which also controls, United States v. St. Paul Mercury Ins. Co., 361 F.2d 838 (5th Cir. 1966), authorizes writs of garnishment "At the commencement of and during the course of action . . ." These provisions clearly require a valid, pending lawsuit for a debt before garnishment may issue. See Miller v. Gillette, 267 F.2d 783 (2nd Cir. 1959); 7 Moore's Federal Practice & Procedure, § 64.05. Despite these requirements on January 26, February 1 and February 12, no valid complaint seeking recovery of a debt was on file in this case.

The Court of Appeals ruled that plaintiffs' original complaint was deficient and inadequate to support a judgment. Thus, the original complaint cannot support the issuance of a writ of garnishment. The Court of Appeals remanded the case to this Court to allow further prosecution by plaintiffs. Yet plaintiffs failed to file a new or amended complaint until after they were apprised of this Court's decision. Lacking a suit upon a debt pending in this Court, any purported issuance of a writ of garnishment is improper. In the absence of strict compliance with the applicable statute and rule, any such writ must be quashed. Jemison v. Scarborough, 56 Tex. 358 (1882). For this second reason defendant's Motion to Quash all writs is hereby granted. The costs of defendant's motion are assessed against plaintiffs. This disposition of the garnishment issue pretermits consideration of defendant's claim that the Texas garnishment statute is unconstitutional.

In light of the foregoing determinations, the Court finds for defendant in the interpleader action filed by National Surety Corporation. Defendant will prepare an appropriate order defining his rights in the certificate of deposit, approved as to form by National Surety Corporation. The costs of garnishee's action, including a reasonable attorney's fee are hereby assessed against plaintiffs. Tex.R.Civ.P. 677, Rosenthal v. Frankfort Distillers Corp., 193 F.2d 137 (5th Cir. 1951). Because the parties have indicated a willingness to stipulate the appropriate costs and attorney's fees, those amounts will not be fixed at this time.

The last motion properly before the Court for consideration is defendant's Application for Costs, filed pursuant to Fed.R.App.P. 39. Defendant seeks recovery from plaintiffs of the $5.00 fee for filing the notice of appeal and $522.00 as the premium on the supersedeas bond. Fed.R.App.P. 39(e) provides for taxing of these costs by the district court. Plaintiffs' response that defendant was not compelled to appeal the case is not an adequate defense to the taxing of these costs. Therefore, the $527.00 shall be taxed as costs of the appeal in favor of defendant, Charles H. Lawrence.