John T. HENRY and Evelyn I.
Henry, Plaintiffs,

v.

FARMER CITY STATE BANK, an Illinois Banking Corporation, George E. Drake, Dean Bright, Richard K. Drake, Robert E. Drake, Stuart B. Drake, F. Dick Maxwell, Ortheldo A. Peithman, Beryl W. Rutledge, James E. Tobin, William A. Rutledge, Ronald L. Vance, Cheryl Dawson, John N. Stevens, Stephen Peters, Donald Massey, James W. Evans, Terry Scott, City of Farmer City, a municipal corporation, Marvin Haycraft, James Richmond, Bill Perhay, Bill Perhay Chevrolet Inc., Phillip R. Lamkin, Raymond Moss, Obermeyer Transfer Co., Dennis Johnson, Oscar Ogle, and The Champaign National Bank, a National Banking Association, Defendants.

No. 85–3365.

United States District Court,
C.D. Illinois,
Springfield Division.

March 10, 1986.
As Corrected March 20, 1986.

Jack C. Vieley, Peoria, Ill., Carol Hansen Fines, Springfield, Ill., Howard W. Small, Champaign, Ill., Patrick J. Cadigan, Springfield, Ill., Rudasill & Rudasill, Clinton, Ill., Bruce Gammage, Gregory Gammage, Farmer City, Ill., Charles L. Palmer, Arnold F. Blockman, Jerome P. Lyke, Champaign, Ill., for plaintiffs.

Wayne L. Hanold, James Morrison, Arthur G. Greenberg, Daniel L. Johns, Peoria, Ill., Ray Moss, Clinton, Ill., James C. Kearns, Urbana, Ill., John Naylor, Bloomington, Ill., William A. Peithman, Farmer City, Ill., Howard W. Small, Champaign, Ill., Susan M. Hickman, Charles H. Cole, Springfield, Ill., for defendants.

## ORDER AND OPINION

MILLS, District Judge.

Can this Court enjoin state proceedings on the identical facts filed after a final decision in this case has been handed down and while that final decision is on appeal?

Yes.

### Introduction

This case began as a common, garden variety bank foreclosure and has ended as a civil RICO action (18 U.S.C. § 1964), dismissed with prejudice by this Court.

Involved here is a bankrupt tire and service dealer who fought foreclosure in the state court and then filed a RICO action alleging that the bank, *et al* (FCSB) had fraudulently drawn up a letter of direction to Plaintiff's land trustees ordering them to encumber their property with a second mortgage.

Plaintiffs have appealed our dismissal to the Seventh Circuit Court of Appeals, and then—while the appeal is pending—instituted another factually identical case in the 6th Judicial Circuit Court of Illinois, alleging the same common law fraud causes of action that were the basis of the RICO action here in this Court.

### I—Prior Order

On December 17, 1985, we dismissed this case on the merits by finding that no pattern of racketeering had been adequately pled, in that a single allegation of one act of forgery and fraud cannot sustain the pattern of racketeering requirement of *Sedima S.P.R.L. v. Imrex Co., Inc.,* —— U.S. ——, 105 S.Ct. 3275, 3285, fn. 14, 87 L.Ed.2d 346 (1985); *Fleet Management Systems, Inc., d/b/a Logistic Systems v. Archer-Daniels-Midland Co., Inc., and NIMS Associates, Inc.,* 627 F.Supp. 550 (C.D.Ill., 1986).

It was also determined that the allegations that Defendants were collecting an illegal debt were patently false.

Thirdly, this Court found that no RICO injury, as defined by 18 U.S.C. § 1964(c), occurred because the mortgage foreclosed upon and which was alleged to have been fraudulently created was not the only encumberance on Plaintiffs' property. The Defendant Bank also held a valid assignment [1] of the title to the property that

1.  "ASSIGNMENT

"FOR VALUE RECEIVED, the undersigned, John T. Henry and Evelyn I. Henry, his wife, as JOINT TENANTS with right of survivorship and not as tenants in common, of Farmer City, DeWitt County, Illinois, hereby assign to Farmer City State Bank, a banking corporation, Farmer City, Illinois, all right, title, and interest in and to a certain Agreement for Warranty Deed entered into with an effective date of January 23, 1971, between them as buyer and Walter Rhodes and Emilee E. Rhodes, his wife, as JOINT TENANTS with right of survivorship and not as tenants in common a copy of which Agreement for Warranty Deed is marked Exhibit A and made a part hereof by reference and which Agreement for Warranty Deed was filed and recorded in the Recorder's Office of DeWitt County, Illinois, on the 22nd day of July, A.D. 1977 in Book 199 of Deeds on Page 96.

"This assignment is given as collateral security for payment of any principal and interest of the Assignors, John T. Henry and Evelyn I. Henry, his wife, now or hereafter payable to the order of Farmer City State Bank, a banking corporation. This Assignment shall be in full

could only be extinguished upon full payment of all debts owed the bank by Plaintiffs. Thus, the bank had another remedy against the Plaintiffs that would have had the same effect as the alleged fraudulent mortgage. (This issue is discussed further *infra*.)

Now Plaintiff has sought to do an end-run around the federal judiciary which they initially invoked. They do this by filing the state court action after our final order and during the appeal to the United States Court of Appeals for the Seventh Circuit. This they cannot do.

## II—Law

### Lack of Jurisdiction

■ Plaintiff alleges that the filing of the case in the Circuit Court of Appeals divested us of jurisdiction to act.

The Plaintiff cites *Lloyd v. Lawrence*, 60 F.R.D. 116 (S.D.Tex.1973), which states:

> When an appeal is taken from a decision of the district court, the jurisdiction of the district court terminates. That of the court of appeals attaches upon filing of adequate appeal. [Cites omitted.] Thereafter, the district court has no jurisdiction and accordingly no control or power over the litigants or the case *except* to aid the appeal...

*Id.* 118. (*Also see In re Federal Facilities Realty Trust*, 227 F.2d 651, 654 (7th Cir. 1955).) By enjoining the state court from relitigating the facts of this case, we will be doing so "to aid the appeal," by the necessity of protecting and effectuating our judgment pursuant to the Anti-Injunction Act (28 U.S.C. § 2283).[2] Plaintiffs are seeking an appeal of our judgment in the state court so as to circumvent it. In doing so they are also challenging the jurisdiction of the reviewing court. If Plaintiffs can procure a different judgment than the one ruled on by this Court, the appellate court may find itself ruling upon an ineffectual judgment, unless we can protect that judgment by enjoining collateral attacks upon it in other courts. (Moreover, by so ruling we add nothing substantive to the case, which is what was attempted in *Lloyd*.)

The Defendants, on the other hand, cite a recent case wherein the district court successfully enjoined relitigation after it had entered a final order that was then pending on appeal to the United States Court of Appeals for the 9th Circuit. In *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir.1983), the Court stated:

> A district court retains jurisdiction to enforce the judgments it enters. *Dietzsch v. Huidekoper*, 103 U.S. 494 [26 L.Ed. 497] ... (1880); cf. 28 U.S.C. § 2283 (1976) (exception to Anti-Injunction Act where state court proceedings threaten federal court judgment). The doctrines of collateral estoppel and res judicata ordinarily provide adequate assurance that one court's resolution of a controversy will be respected by other courts. Nevertheless, under the All Writs Act, 28 U.S.C. § 1651, district courts do have the power to reinforce the effects of these doctrines by issuing an injunction against repetitive litigation.

Therefore, this Court has jurisdiction to enjoin other courts from ruling on the facts of this case, even when there is an appeal pending, as the injunction is mandated by this Court's need to effectuate its judgment, which in turn aids and protects the appeal of this matter.

## III

■ Plaintiff Henry next argues that no injunction can issue to stop state court

---

force and effect until such time as the above referred to indebtedness is paid in full at which time this Assignment shall become null and void.

"Dated this 1st day of April, 1978.
/s/ John T. Henry
JOHN T. HENRY
/s/ Evelyn I. Henry
EVELYN I. HENRY, Assignors"

2. "§ 2283. Stay of State court proceedings.

"A court of the United States may not grant an injunction to stay proceedings in a State court *except* as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, *or to protect or effectuate its judgments.*" (Emphasis added.)

action because of the Anti-Injunction Act, 28 U.S.C. § 2283.

As seen above, section 2283 of Title 28 of the United States Code allows injunctions of state court proceedings in order "to protect or effectuate its judgments."

"A federal court may enjoin state proceedings when *res judicata* would bar the same action in federal court [cites omitted]," pursuant to the anti-injunction act's "exception 'to protect or effectuate its judgments' ..." *Harper Plastics v. Amoco Chemicals Corp.*, 657 F.2d 939, 946–47 (7th Cir.1981). "The re-litigation exception of § 2283 applies not only when the prior federal judgment is *res judicata* but also when the doctrine of collateral estoppel or issue preclusion is relied on [cites omitted]." *Samuel C. Ennis & Co., Inc. v. Woodmar Realty Co.*, 542 F.2d 45, 49 (7th Cir.1976).

As seen above, the Anti-Injunction Act not only does not prevent the injunction but mandates it.

Plaintiff argues that the principles of res judicata on collateral estoppel are not present because in the federal action the RICO statute (18 U.S.C. § 1964) was the basis, whereas in the present state action common law fraud.

Defendants correctly note that this is precisely the situation for collateral estoppel, for which § 2283 allows injunctions. Defendants cite *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n. 5, 99 S.Ct. 645, 649, n. 5, 58 L.Ed.2d 552 (1979), for the definition of collateral estoppel, and that is:

> Under the doctrine of collateral estoppel ... the second action is upon a different cause of action and judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action. [cites omitted.]

Thus, casting the same issues in a different cause of action will not avoid the effect of collateral estoppel, as that is precisely the practice that the doctrine is crafted to prevent.

## IV

Plaintiff then argues that he is not relitigating old matters as he can show that he suffered an injury because the assignment was merged and extinguished when the letter of direction and second mortgage were executed later. Thus, if the assignment is extinguished, Plaintiff should be allowed to prove the mortgage was a fraud. We have already settled this issue in the following manner.

The Plaintiff alleges that the assignment extinguishing merger allegedly took place because a higher security (the mortgage) was accepted in lieu of a lower security (the assignment). But in fact the security stayed the same, as it was the identical property always in question, only more security arrangements were added.

The Plaintiffs seek to downgrade the assignment so that what was assigned was something less than what was actually assigned—which was the equitable title (and then upon satisfaction of the contract for deed, and merger of it with the warranty deed, the legal title to the property). Because under the doctrine of equitable conversion:

> as between the parties and those claiming through them, when the owner of the land enters into a valid and enforceable contract for its sale he continues to hold the legal title, but in trust for the buyer; and the buyer becomes the equitable owner and holds the purchase money in trust for the seller.

*Shay v. Penrose*, 25 Ill.2d 447, 449, 185 N.E.2d 218 (1962).

The Plaintiffs are correct when they argue that the "assignment merely assigned Plaintiff's rights to the bank in the contract for deed..." Plaintiff's right or interest in the contract for deed was their equitable title in the property in question, *see e.g. Shay v. Penrose*, 25 Ill.2d at 450, 185 N.E.2d 218 (buyer acquires equitable title "the instant a valid enforceable contract is entered into ..."), which later merged with the legal title upon satisfying the contract for deed and the seller's delivering the warranty deed. Upon receipt of

the warranty deed, merger occurred. All of this the bank acquired through the assignment, *Stavros v. Karkom,* 39 Ill. App.3d 113, 123, 349 N.E.2d 599 (1st Dist. 1976) ("Assignee acquires all of the interest of the assignor in the property that is transferred ... [An] assignee of a contract for the purchase of real estate acquires no greater rights in the property than were possessed by his assignor, the original contract vendee [cite omitted].") *And see Litwin v. Timbercrest Estates, Inc.,* 37 Ill. App.3d 956, 958, 347 N.E.2d 378 (1st Dist. 1976). Because when the equitable title, merged with the legal title (upon satisfying the contract for deed and receiving the warranty deed), it was held by the Henrys, *subject to the assignment;* thus, the bank's assigned, equitable interest merged and became their assigned legal and equitable interest until, according to the terms of the assignment, all the principal and interest owed the Defendant bank had been paid. This has not happened (and now due to the mortgage and foreclosure the Henrys will only be able to recoup their property if they can equitably redeem it, which means they would have to satisfy the amounts owed which may or may not satisfy the assignment's requirements).

█ Thus, the security that the bank held was at first the assigned equitable title then the assigned merged equitable and legal title; and then the bank held a first and second mortgage on the same property. At no time did the security change (except at the time of merger, which only strengthened the bank's hand because they now had an assignment of the whole title). No higher security was accepted in lieu of a lower security—only the security arrangements increased. Thus, contrary to Plaintiff's argument, the assignment did not disappear; what it encompassed merged (and continued on) into the warranty deed, which was held by the bank due to the earlier assignment.

█ Therefore, as we have held earlier, no RICO or other injury could have occurred because of the second mortgage, as it was just another security arrangement

dealing with the property that the Defendant bank already had an existing security interest in. Consequently, relitigating the validity of the second mortgage will do nothing for the unfortunate Henrys and relitigation is barred by the doctrine of collateral estoppel, and claim preclusion.

█ Moreover, the Plaintiffs cannot argue that the second mortgage, as an allegedly higher security, merged with and extinguished the assignment, and then turn around and argue that the second mortgage was a fraud. It is either one or the other, but not both, for all purposes.

*Ergo,* pursuant to the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283 (exception), this Court ALLOWS "FCSB Defendant's" motion for injunction in its entirety.

It is further ORDERED that pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 2283 (exception) that the Circuit Court of the Sixth Judicial Circuit of Illinois is ENJOINED from further proceeding in this matter, except as allowed by this order and specific order of injunction to follow.