John T. HENRY, et al., Plaintiffs,

v.

FARMER CITY STATE BANK, an Illinois Banking Corporation, et al., Defendants.

No. 85–3365.

United States District Court,
C.D. Illinois,
Springfield Division.

July 27, 1989.

Addendum to Opinion
Filed Sept. 15, 1989.

Jack C. Vieley, Peoria, Ill., for plaintiffs.

Wayne L. Hanold, James Morrison, Arthur G. Greenberg, Daniel L. Johns, Westervelt, Johnson, Nicoll & Keller, W. Thomas Johnston, Quinn, Johnston, Henderson & Pretorius, Peoria, Ill., Carol J. Hansen Fines, John L. Swartz, Giffin, Winning, Lindner, Cohen & Bodewes, Springfield, Ill., Howard W. Small, Thomas, Mamer & Haughey, Champaign, Ill., James C. Kearns, Heyl, Royster, Voelker & Allen, Urbana, Ill., William A. Peithmann, Farmer City, Ill., Susan M. Hickman, Charles H. Cole, Patrick J. Cadigan, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Springfield, Ill., Rudasill & Rudasill, Clinton, Ill., Bruce Gammage, Gregory Gammage, Farmer City, Ill., Charles L. Palmer, Franklin, Flynn & Palmer, Arnold F. Blockman, Jerome P. Lyke, Hatch, Blockman, McPheters & Fehrenbacher, Champaign, Ill., John Naylor, Naylor, Mueller & Willard, Bloomington, Ill., for defendants.

## OPINION

RICHARD MILLS, District Judge:

A matter of sanctions.[1]

They are imposed against Plaintiffs' attorney.

The facts of this cause have been well chronicled. *Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir.1986); *Henry v. Farmer City State Bank*, 651 F.Supp. 17 (C.D.Ill.1985); *Henry v. Farmer City State Bank*, 630 F.Supp. 844 (C.D.Ill.1986); *Farmer City State Bank v. Henry*, 138 Ill.App.3d 854, 93 Ill.Dec. 196, 486 N.E.2d 297 (1985); *Farmer City State Bank v. Champaign National Bank*, 138 Ill.App.3d 847, 93 Ill.Dec. 200, 486 N.E.2d 301 (1985).

We hit only the highlights here.

### I—Facts

Plaintiffs' 30 count amended complaint, naming 29 Defendants, alleged RICO and 42 U.S.C. § 1983 claims. The cause arose out of a routine mortgage foreclosure action against a bankrupt tire and service dealer. Plaintiffs fought the foreclosure in state court, then filed a civil RICO action in federal court, then, having been dismissed from federal court, brought the same charges in another state court action. In the instant case, Plaintiffs claimed that the Defendants conspired to forge a "letter of direction" to the Plaintiffs' land trustee, which directed the trustee to place a second mortgage on Plaintiffs' business to secure a prior indebtedness of $345,000. The bank subsequently foreclosed on this second mortgage. In a series of orders, this Court dismissed all the Defendants on motions to dismiss based upon Plaintiffs' failure to state a cause of action upon which relief could be granted. In its last order dismissing the Farmer City State Bank Defendants, this Court retained jurisdiction over this cause for the purpose of considering the sanction issue. *Henry*, 651 F.Supp. at 20.

---

1. The Court has been presented with five motions for sanctions submitted by: (1) James W. Evans; (2) Champaign National Bank; (3) City of Farmer City and Terry Scott; (4) Phillip Lamkin, Marvin Haycraft, and Obermeyer Transfer Co.; and (5) the Farmer City State Bank Defendants.

## II—Rule 11

Rule 11 of the Federal Rules of Civil Procedure provides that the signature of an attorney on a pleading certifies "that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law...." The standard for imposing sanctions under this rule is an objective question of reasonableness under the circumstances. *Brown v. National Board of Medical Examiners*, 800 F.2d 168, 171 (7th Cir.1986). Under Rule 11, an attorney must make a reasonable inquiry into both the facts and the law before filing a complaint. *Id.* at 172; *In re TCI Ltd.*, 769 F.2d 441, 447 (7th Cir.1985).

■ Though we find no subjective bad faith here, as Plaintiffs' attorney spent much time researching this cause before filing the complaint, we cannot allow the Defendants to absorb the cost of this litigation—litigation which never should have been. "Extended research alone will not save a claim that is without legal or factual merit from the penalty of sanctions." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986) (quoted with approval in *Beeman v. Fiester*, 852 F.2d 206, 212 (7th Cir.1988)). Notwithstanding an attorney's sincere belief in his client's cause, the attorney has a duty "to review the law to determine whether the facts fit within a recognized entitlement to relief." *In re TCI*, 769 F.2d at 446.

## III—RICO Allegations

■ All the Defendants involved in the motions for sanctions were dismissed on motions to dismiss. In a series of orders, this Court found several deficiencies in the amended complaint's RICO allegations: (1) the predicate acts required were not adequately pled nor, given the facts, could they have been adequately pled; (2) no "pattern of racketeering" was alleged; and (3) Plaintiffs were not injured in any way cognizable under RICO. *See Henry*, 651 F.Supp. at 18–19.

These deficiencies were present in the amended complaint despite the fact that Plaintiffs' attorney had the benefit of the Defendants' motions to dismiss which were filed two months prior to the filing of the amended complaint. Despite being alerted to the original complaint's deficiencies, Attorney Jack C. Vieley filed an amended complaint, identical to the original complaint, curing only his failure to sign the original complaint.

We shall not rehash here the deficiencies of the amended complaint. Those deficiencies are detailed in the Court's series of unpublished orders dismissing the non-Farmer City State Bank (FCSB) Defendants and the opinion dismissing the FCSB Defendants. *Henry*, 651 F.Supp. at 17. Those orders make clear that Plaintiffs' attorney either inadequately researched the requirements necessary to sustain a RICO claim or knowingly proceeded in spite of the complaint's deficiencies under RICO. In his defense, Attorney Vieley states: "This Court is aware that the applicability and parameters of the RICO statute have been in a great state of fluctuation and development. Interpretation of certain facets of the statute continues to be done on a case-by-case basis and the particulars of activities which fall within its purpose and purview are stil [sic] not wholly predictable."

Attorney Vieley's argument is unpersuasive. This is not a case which presented issues in the gray area of the RICO statute. Certainly, some aspects of RICO are difficult to deal with for attorneys and judges alike. But here, Plaintiffs' allegations did not fall into the gray area of possibly colorable claims. The claims presented were patently inadequate, even in light of the state of development of RICO at the time the complaint was filed. To paraphrase Judge Easterbrook, in *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1080 (7th Cir.1987), *cert. dismissed*, 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988): the Henrys' RICO theory was wacky, sanctionably so.

Attorney Vieley further argues that sanctions should not be imposed based on

*Beeman v. Fiester,* 852 F.2d 206 (7th Cir. 1988), in which the Seventh Circuit upheld the district court's refusal to impose Rule 11 sanctions in a RICO case which the district court had found was filed " 'in retaliation for some bareknuckle union infighting,' " *id.* at 210, and " 'was not well grounded in fact.' " *Id.* *Beeman* is distinguishable on two grounds. *First,* as the Seventh Circuit has stated: "[T]he decision whether there has been a [Rule 11] violation is a judgment call." *In re Central Ice Cream Co.,* 836 F.2d 1068, 1072 (7th Cir. 1987). In this Court's judgment, Rule 11 has been violated in this case. *Second,* one reason the Court upheld the failure to award sanctions in *Beeman* was that most of the "issues raised by Beeman's complaint, involve[d] areas of law that were sufficiently hazy at the time the complaint was filed that it was difficult to determine the exact boundaries of the rules." *Beeman,* 852 F.2d at 212. As found above, the deficiencies identified in Plaintiff's amended complaint did not fall in that "hazy" area.

The RICO allegations in the amended complaint are frivolous on an objective standard. Thus, the amended complaint was not "warranted by existing law" within the meaning of Rule 11. *See id.* at 1082. Having found a Rule 11 violation, the imposition of sanctions is mandatory. Fed.R. Civ.P. 11 (where a violation of the rule is found, the Court *"shall* impose upon the person who signed" the pleading "an appropriate sanction").

### IV—Section 1983 Claims

■ Plaintiffs also brought claims based on 42 U.S.C. § 1983 against the City of Farmer City and its Chief of Police Terry Scott. As the Seventh Circuit's opinion shows, had Plaintiffs' attorney reviewed the Supreme Court's seminal section 1983 cases, *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985), he would have known the section 1983 claims were frivolous. First, the complaint clearly attempts to implicate the city on a respondeat superior

theory. This approach was expressly rejected by the Supreme Court in *Monell.* "When counsel represent that something clearly rejected by the Supreme Court is governing law, then it is appropriate to conclude that counsel are not engaged in trying to change the law; counsel either are trying to buffalo the court or have not done their homework." *Szabo,* 823 F.2d at 1082. In either situation, Rule 11 sanctions are appropriate.

Second, with respect to the individual section 1983 defendants, the claims against them also flew in the face of established judicial precedent. It is black letter law that those who act in reliance on a facially valid court order are entitled to quasi-judicial immunity. *See Henry,* 808 F.2d at 1239 (and cases cited therein). The claim against Chief Scott was, therefore, frivolous.

■ In his defense, Attorney Vieley asserts that sanctions should not be levied based on the section 1983 claims because the appellate court declined to award fees under Federal Rule of Appellate Procedure 38 on appeal. *Id.* at 1241. This argument is meritless.

■ For an award of sanctions to be justified under Rule 38, there need be "some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy." *Id.* (quoting *Reid v. United States,* 715 F.2d 1148, 1155 (7th Cir.1983)). In other words, the appellate rule requires subjective bad faith. This standard is much more rigorous than that of Rule 11. Since it is Rule 11, and not Rule 38, under which we must evaluate this situation, we deem sanctions to be appropriate.

We are bound to respect and execute the Seventh Circuit's admonishment in *Szabo:* "We [the appellate court] take Rule 11 ... seriously and expect district judges, lawyers, and litigants to do the same." *Szabo,* 823 F.2d at 1082. We cannot, in good conscience, look the other way in such an

egregious case as this. Sanctions must be imposed.

### V—The Amended Complaint

■ On April 18, 1989—almost four years after this case began and some 3½ years since presenting the Court with his amended complaint—Attorney Vieley filed a pleading styled "Suggestion of Impropriety of Imposition of Sanctions." The gist of this pleading is that sanctions should not be imposed because the amended complaint was never officially filed.

A chronology of events is necessary.

On July 3, 1985, the original complaint was filed. This complaint was not signed by Attorney Vieley.[2] Between August 1, 1985, and August 6, 1985, a series of motions to dismiss were filed by various defendants. Then, on August 30, 1985, a motion to strike the complaint pursuant to Rule 11 was filed. The basis for the motion was that the Plaintiffs' attorney failed to sign the original complaint. That same day the Court allowed all the motions to dismiss because Plaintiffs had failed to respond to them within the time allowed by local rule.

On September 11, 1985, Plaintiffs filed a motion to reconsider the dismissals. By order entered October 17, 1985, the Court vacated the August 30, 1985, dismissal order, denied the motion to strike, and ordered Attorney Vieley to cure the defect in the original complaint within seven days. The following day, October 18, 1985, Attorney Vieley filed a motion to file the amended complaint. The accompanying "amended complaint" did contain Attorney Vieley's signature but in all other relevant respects was identical to the original complaint. Although the motion to file the amended complaint was ruled upon, the cause proceeded in this Court and in the appellate court based on the amended complaint. *See, e.g., Henry*, 808 F.2d at 1230 ("Plaintiffs appeal the district court's dismissal of their fifty-eight page, thirty-count *amended* complaint alleging claims under [RICO].... We affirm the dismissal of the *amended* complaint.") (emphasis added). Plaintiffs have failed to raise this argument previously before the district or appellate courts.

By docket entry entered April 18, 1989, the Court held that it would consider Attorney Vieley's "Suggestion of Impropriety" pleading as a motion to dismiss the petitions for sanctions. We allowed the petitioners the opportunity to respond. One response was filed.

The petitions for sanctions will not be dismissed. We agree with petitioners that Attorney Vieley attempts to elevate form over substance in an attempt to extricate himself from trouble of his own making. Attorney Vieley was ordered by the Court to conform his pleading to Rule 11 requirements. The fact that he submitted a motion to do so was unnecessary. The amended complaint simply took the place of the original complaint and, therefore, no motion allowing its filing was necessary. For purposes of cleaning up the record, however, the motion (d/e 127) will be allowed nunc pro tunc.

Attorney Vieley will not be heard, at this late date, to complain of a ministerial oversight created by his unnecessary filings.

### VI—Sanctions

■ The Court believes the appropriate sanction in this case is to award each requesting Defendant an amount equal to reasonably incurred attorney fees and costs arising from litigation in the district court.[3] A number of the motions request attorney fees for work performed before the court of appeals. The district court is unable to award such fees. *See In re Emergency Beacon Corp.*, 790 F.2d 285, 286 (2d Cir.1986); *Sherman Treaters Ltd.*

---

**2.** The original complaint was signed by John and Evelyn Henry. Attorney Vieley's name, address, and phone number were typewritten on the last page of the complaint. Rule 11 states, in pertinent part: "Every pleading, motion, and other paper of a party *represented by an attorney* shall be signed *by at least one attorney* of record in the attorney's individual name, whose address shall be stated." Fed.R.Civ.P. 11 (emphasis added).

**3.** This includes fees incurred relating to the filing of the fee petitions except those prohibited by the Court's order entered September 23, 1988.

*v. Ahlbrandt,* 115 F.R.D. 519, 526 (D.D.C. 1987).

■ As the action was unsupported by existing law, the sanction will be imposed against Attorney Vieley rather than the Plaintiffs. Attorneys are specially trained to examine existing law in light of the facts presented. The attorney must bear the sanction for filing a complaint which violates Rule 11 by being unsupported by the law invoked in the complaint. *Blake v. National Casualty Co.,* 607 F.Supp. 189, 193 (C.D.Cal.1984).

■ In determining the amount of the sanction, we must examine the requested award to determine the reasonableness of the hours expended, the hourly rate requested, and the work claimed to have been done. *Sherman,* 115 F.R.D. at 526.

Reasonable attorney fees and expenses, as found by the Court, are detailed in the appendices ■ to this opinion. The five groups of Defendants filed a great number of exhibits in support of their sanction petitions. The Court has examined the attorneys' bills and has included in the appendices ■ those charges found to be reasonable under the circumstances of this case.

■ As a general matter, the Court finds a $75 hourly rate to be the maximum reasonable rate chargeable for this type of work in this locale. Thus, all hourly fees computed at a rate higher than $75 per hour have been recalculated.

The amounts of the sanctions in favor of the various Defendants are found to be as follows: (1) Defendant Evans—$4,173.17; (2) Defendant Champaign National Bank—$3,207.06; (3) Defendants Terry Scott and Farmer City—$3,093.75; (4) Defendants Lamkin, Haycraft & Obermeyer Transfer Co.—$5,111.75; and (5) the Farmer City State Bank Defendants—$48,848.74. The total sanction amount assessed against Attorney Vieley is $64,434.47.

Each group of Defendants shall be responsible to apportion the sanction award as appropriate among the Defendants within each group.

## ADDENDUM TO OPINION

RICHARD MILLS, District Judge:

Appended to the filed copy of this opinion is an itemization of the costs and fees awarded in this case. The entire appendix comprises 61 pages; it was included with the opinion primarily to demonstrate the Gargantuan task facing a court in ruling on certain Rule 11 motions. In other words, the appendix illustrates—far better than this mere summary can—that the costs and expenses of frivolous pleadings land not only on the litigants' shoulders, but on those of the entire judiciary as well.

Here, this Court was required to sift through literally hundreds of pages of the Defendants' claimed fees and expenses, line by line, just to arrive at the 61–page appendix of allowed fees and costs. Needless to say, this project kept the Court occupied for dozens of hours—hours that clearly would have been better spent on more deserving causes than mopping up after frivolous ones.

Although this summary can in no way match the force of the 61 pages of number after number, line after line, column after column, found in the appendix, the fiscal realities of lawbook publishing and the burgeoning costs of those volumes to all lawyers have forced the inclusion of a summary and the exclusion of the lengthy appendix. But the lesson taught by including even this summary still holds: frivolous pleadings are a tremendous burden—both financially and temporally—upon the entire United States judicial system, as this single Court's experience with just this one case amply demonstrates. That being said, the appendix is thusly summarized:

Defendant Evans was awarded total attorneys' fees and expenses of $4,173.17. The itemization of the attorneys' bills spans five pages, with roughly 25 or 30 separate entries per page. The amounts awarded range from $260 for an attorney conference to $0.20 for photocopying.

Attorneys for Defendant Champaign National Bank incurred total allowable fees

and expenses of $3,207.06. The itemization of their bills runs six full pages, with detailed descriptions of the services rendered or costs incurred. Allowed attorneys' fees include $1,968.75 for 26.25 hours of work performed by just one attorney, and allowed expenses include $2.23 for telephone calls.

Defendants Terry Scott and Farmer City's attorneys were awarded $3,093.75. The three page itemization of their charges includes a six hour charge (at $75 per hour) for researching and drafting a motion to dismiss.

The itemization of the charges awarded to attorneys for Defendants Lamkin, Haycraft, and Obermeyer Transfer is nine pages long; total fees and costs awarded were $5,111.75. Among other things, these attorneys were awarded $53.00 for photocopying charges; one bill submitted to the clients consisted of 17.75 hours of attorney work broken down into 18 separate charges.

The Farmer City State Bank Defendants submitted the largest number of bills, and were awarded the lion's share of allowed costs and fees. Total costs and fees awarded for these attorneys' work comes to a whopping $48,848.75, and the itemization of these charges takes up 38 pages of the appendix. This itemization runs the gamut of allowable charges from the massive to the diminutive. Included, for instance, is a 25–hour charge incurred between August 5 and August 9, 1985, for research and analysis of RICO vis-a-vis the complaint in this case and existing precedent. But then also included was a $4.80 photocopy fee incurred November 27, 1985.

Big or small, sublime or ridiculous, this Court was obliged to consider each item and to allow the allowable, deny the deniable, and to reduce those charges falling in between.

The grand total of allowable fees and expenses awarded to all Defendants is $64,434.47.