Kenneth M. **LOLLING**, Plaintiff,

v.

Robert L. **PATTERSON**, individually and as Sheriff of Logan County, Illinois and Logan County, Illinois, Defendants.

No. 87–3296.

United States District Court,
C.D. Illinois,
Springfield Division.

July 29, 1991.

Duane D. Young, Wayne M. Klocke, Springfield, Ill., for plaintiff.

James G. Sotos, Itasca, Ill., for defendants.

## OPINION

RICHARD MILLS, District Judge:

Attorney's fees.

Civil Rights Act and Rule 11.

Since resolution of Defendants' motion for fees depends in large measure upon the objective reasonableness of Plaintiff's position and the specific facts underlying this action, we must discuss the facts in some detail:

On August 5, 1987, Plaintiff, Kenneth M. Lolling, a Logan County Deputy Sheriff, filed this action against both Logan County Sheriff Robert L. Patterson and the County of Logan.

*Count I* of Plaintiff's original complaint alleged that Sheriff Patterson commenced disciplinary proceedings against Plaintiff on April 6, 1987, before the Logan County Sheriff's Merit Commission, in retaliation for Plaintiff's exercise of his first amendment right to speak out on a matter of public concern. Specifically, Plaintiff discussed various Logan County Jail conditions with Illinois Department of Corrections inspector William Barham in connection with a routine inspection of the jail. In fact, the first charge filed by Sheriff Patterson with the Merit Commission alleged that Plaintiff "did furnish false and/or misleading information to Illinois Department of Corrections Inspector, Bill Barham regarding the capacity and/or pris-

oner housing activities of the Logan County Jail."

*Count II* of Plaintiff's original complaint was a Fourteenth Amendment procedural due process claim based upon his lengthy unpaid suspension during the pendency of the Merit Commission proceedings.

*Count III* of Plaintiff's original complaint was a pendent state law claim for wrongful discharge/suspension.

*Count IV* was a claim for defamation.

On August 3, 1988, Plaintiff filed a first amended complaint wherein he changed count III from a pendent state law claim for wrongful discharge/suspension to one denoted as breach of contract/wrongful suspension. The substantive allegations remained substantially the same.

On September 26, 1988, upon Defendants' motion, this action was stayed pending resolution of the state court administrative review proceedings. Plaintiff's motion to vacate the stay was denied. In denying Plaintiff's motion this Court specifically noted in its order of November 23, 1988, that "Plaintiff ... could have raised his first amendment defense in the administrative proceeding." Plaintiff's subsequent appeal from the order allowing Defendants' motion for abstention and denying Plaintiff's motion to vacate the stay was voluntarily dismissed by the parties pursuant to Fed.R.App.P. 42(b) on February 10, 1989.

On June 21, 1990, this Court, upon Plaintiff's motion, vacated the stay because the state circuit court had concluded the process of administrative review. On October 1, 1990, Sheriff Patterson filed an answer and affirmative defenses to count I of Plaintiff's first amended complaint and both Defendants moved to dismiss counts II, III and IV.

On November 5, 1990, Plaintiff filed a second amended complaint in which he added two additional counts against Logan County—*count V* alleging a Fourteenth Amendment procedural due process claim and *count VI* alleging a pendent claim for

wrongful suspension. On January 3, 1991, Magistrate Judge Charles Evans recommended that Sheriff Patterson's motion to dismiss counts II, III and IV of Plaintiff's second amended complaint [1] be allowed.

On February 8, 1991, we adopted the Magistrate Judge's recommendation and allowed Sheriff Patterson's motion to dismiss counts II, III and IV of Plaintiff's second amended complaint. Four days later Logan County's motion to dismiss counts V and VI of Plaintiff's second amended complaint was also allowed.

On March 7, 1991, Sheriff Patterson moved for summary judgment on count I of Plaintiff's second amended complaint which alleged that the charges brought by Sheriff Patterson before the Merit Commission were in retaliation for Plaintiff's exercise of his first amendment rights. On April 15, 1991, this Court ruled that Plaintiff's first amendment claim was barred by the doctrine of *res judicata* because he had failed to raise it in defense of the state court proceedings and thus we entered summary judgment in favor of Sheriff Patterson and closed the case.

On May 8, 1991, Plaintiff filed a notice of appeal to the Seventh Circuit from our orders allowing Defendants' motion to dismiss counts II, III and IV of Plaintiff's second amended complaint and motion for summary judgment on count I of the second amended complaint.

Defendants now move for an award of their attorney's fees pursuant to 42 U.S.C. § 1988 and Rule 11. Section 1988 provides that in an action pursuant to, *inter alia*, § 1983 the court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Rule 11 states that:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is

---

1. During a telephonic conference, Magistrate Judge Evans allowed Sheriff Patterson's oral motion that his motion to dismiss counts II, III

and IV of Plaintiff's first amended complaint be allowed to stand as to Plaintiff's second amended complaint.

warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

In the case *sub judice* Defendants seek attorney's fees from both Plaintiff and his counsel, Wayne Klocke. We turn first to § 1988.[2]

■ Under § 1988 prevailing Defendants are not entitled to their attorney's fees on the same basis as prevailing plaintiffs. *Hamilton v. Daley*, 777 F.2d 1207, 1212 (7th Cir.1985). Specifically, a prevailing *plaintiff* "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (Title II). A prevailing *defendant*, on the other hand, can only recover his attorney's fees if plaintiff's claim was "frivolous, unreasonable, or groundless, or [if] the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978).

■ Ignorance of the law is no excuse; it is the responsibility of counsel to know the law and to know whether a claim is clearly foreclosed by precedent. *Werch v. City of Berlin*, 673 F.2d 192, 195 (7th Cir. 1982). Fees can be imposed even though the losing plaintiff did not act in subjective

bad faith. *Christiansburg*, 434 U.S. at 421, 98 S.Ct. at 700.

■ Defendants' have not argued, and the Court does not believe, that there is any question of subjective bad faith in this case. Furthermore, with the exception of the first amendment retaliation claim, this Court cannot conclude that Plaintiff's action was "frivolous, unreasonable, or groundless." For example, dismissal of the procedural due process claim raised in count II depended upon the circuit court's recent decision in *Easter House v. Felder*, 910 F.2d 1387, 1400 (7th Cir.1990) (*en banc*). Further, Defendants' motion for fees is substantially based upon the argument that Plaintiff's first amendment retaliation issue was barred by *res judicata*. Defendants did not argue that counts II, III, and IV were barred by *res judicata* nor did this Court so hold.

■ Turning to count I, we believe this claim is more appropriately analyzed under Rule 11 because of its objective *legal* unreasonableness. Rule 11 has both a subjective and an objective component. *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 931 (7th Cir.1989) (*en banc*). A paper interposed for any improper purpose is sanctionable no matter how well-supported and how diligent the pre-filing investigation. *Id.* at 931–32. Objectively, a paper filed "in the best of faith" by a lawyer "convinced of the justice of his client's cause," is sanctionable if counsel failed to make reasonable inquiry into either the facts or the law beforehand. *Id.*

■ Defendants' motion raises a question regarding Attorney Klocke's investigation of the law prior to and during the course of this case. Specifically, Defendants contend that Plaintiff commenced and then pressed ahead with this cause after being repeatedly warned by Defendants' counsel that his claims were barred by *res judicata*. The specific facts:

Plaintiff commenced this action on August 5, 1987, while his case was still pend-

---

**2.** Attorney's fees requests are collateral and thus we retain jurisdiction to rule upon Defendants' motion. *White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982).

ing before the Merit Commission. On August 21, the Merit Commission sustained two of the eight charges and imposed a six month suspension upon Plaintiff. On August 25 Defendants' attorney, James Sotos, sent a letter to Mr. Klocke wherein he stated that it was his opinion that the Merit Commission decision would be afforded preclusive effect in any federal civil rights matter. Mr. Sotos brought to Mr. Klocke's attention the decisions in *Lee v. City of Peoria,* 685 F.2d 196 (7th Cir.1982) and *Button v. Harden,* 814 F.2d 382 (7th Cir. 1987) which he believed supported his *res judicata* defense. Mr. Sotos requested Mr. Klocke to "consider the continued viability of a civil rights claim in this matter against a backdrop" of these cases.

In *Button,* on facts substantially identical to those at bar, the circuit court held that an employee who loses before an administrative tribunal has two choices: (1) he can "sue forthwith in federal court" under § 1983; or (2) he can file a suit in Illinois state court seeking judicial review of the administrative officer's determination. *Button,* 814 F.2d at 384. If plaintiff chooses the latter route, he must allege in the circuit court every ground for relief that he has, including a first amendment defense. *Id.*

Mr. Sotos' letter of August 25, 1987, (three weeks after this case was filed) as well as this Court's order of abstention clearly should have alerted Plaintiff's attorney to the necessity of raising his first amendment retaliation claim in the state court administrative review proceeding.

On October 9, 1990, following lifting of the stay order, Mr. Sotos once again wrote Mr. Klocke urging him to reconsider his position in light of *Lee* and *Button* as well as a more recent Seventh Circuit decision. *See Atkins v. Hancock County Sheriff's Merit Bd.,* 910 F.2d 403 (7th Cir.1990). Mr. Sotos also indicated that if Plaintiff did not dismiss his case within two weeks, Defendants would be obligated to seek their attorney's fees "from this point forward."

On October 27, 1990, Mr. Sotos sent a third letter to Mr. Klocke confirming a conversation of October 23. In this third letter Mr. Sotos once again discussed the *res judicata* defense and forewarned Mr. Klocke that Defendants would seek their attorney's fees in the event they eventually prevailed on the *res judicata* defense.

Despite these three letters and their accompanying oral conversations, Mr. Klocke pressed ahead with Plaintiff's first amendment retaliation claim. The claim may have been meritorious; however, the law within this circuit clearly and unequivocally required Plaintiff to raise it in the state court administrative review proceeding.

■ In determining whether an attorney has made a reasonable pre-filing inquiry into the law the Court should consider several factors, including: (1) the amount of time the attorney had to prepare the document and research the law; (2) whether the document contained a plausible view of the law; (3) the complexity of the legal questions involved; and (4) whether the document was a good faith inquiry to extend or modify the law. *Brown v. Federation of State Medical Bds.,* 830 F.2d 1429, 1433 (7th Cir.1987).

In the case at bar, Mr. Klocke had sufficient time to research the applicable law. In fact, his opponent cited him to the relevant cases on at least three occasions. Yet he continued to proceed with his retaliation claim in the face of overwhelming, uncontradicted authority that it was barred. This case is completely at odds with the situation where an attorney has only a few days left to file suit within the statute of limitations and necessarily cannot conduct a thorough, searching review of the applicable law.

As to the second factor, Plaintiff's insistence upon pressing ahead with his first amendment claim cannot be characterized as a "plausible view of the law." The requirement that the constitutional claim be raised upon administrative review as a defense to the Merit Commission proceedings is well-settled within this circuit. *See Button,* 814 F.2d at 384.

Similarly, the legal question at issue in this case is not complex. The Plaintiff either proceeds directly to federal court or

he seeks administrative review—raising all defenses he has to the adverse employment action. *Id.*

Finally, the Court must reject any argument that Plaintiff's action constituted a good faith argument for the extension or modification of existing law. Plaintiff did not recognize existing law and argue that it was wrong. Rather, he merely ignored existing law. It is one thing to say: "I know what the law is but it should be changed and here is why." It is quite another to simply forge ahead because the law is not what you want it to be.

■ In response to Defendants' motion for fees, Plaintiff and Mr. Klocke[3] raise five arguments. First, Plaintiff argues that when an employee has other defenses to disciplinary proceedings, he should not be required by the threat of *res judicata* to raise his first amendment retaliation claim in the state court. While this may be Plaintiff's opinion, it is not the law in this circuit. *See Lee v. City of Peoria,* 685 F.2d 196 (7th Cir.1982); *Button v. Harden,* 814 F.2d 382 (7th Cir.1987).

Second, Plaintiff argues that count I of the Sheriff's charges, that Plaintiff gave false and/or misleading information to Inspector Barham, was voluntarily dismissed by Sheriff Patterson and thus not adjudicated by either the Merit Commission or the state court. As pointed out in our order granting Defendants' motion for summary judgment, however, Plaintiff alleged that *all* of Sheriff Patterson's charges were brought in retaliation for Plaintiff's exercise of his first amendment rights. Thus, he should have at least raised his constitutional claim in defense of counts II through VIII of the Merit Commission proceedings.

Third, Plaintiff argues that the state judge refused to consider count I of the Merit Commission charges because it had been voluntarily dismissed and thus he did not have a full and fair opportunity to raise his constitutional claim in state court.

Therefore, Plaintiff argues, this case falls within an exception to the *res judicata* doctrine and is similar to *Jones v. City of Alton,* 757 F.2d 878 (7th Cir.1985). As we observed in our order granting summary judgment, however, although *Jones* is arguably the strongest case supporting Plaintiff's position, he failed to even cite it in opposition to Defendants' motion for summary judgment. Despite this omission, this Court discussed the *Jones* decision and explained why it did not excuse Plaintiff's failure to raise his first amendment claim in state court.

■ Fourth, Plaintiff contends that this Court did not suggest in our order granting summary judgment that Rule 11 sanctions were appropriate. This is an adversarial system. This Court does not make it a habit to flag every potential Rule 11 violation for one's adversary. In egregious cases we have, *sua sponte,* required an attorney to show cause why sanctions should not be imposed. *See Dykhouse v. Mugge,* 735 F.Supp. 1377 (C.D.Ill.1990). However, our failure to raise the issue ourselves in no way should ever be construed as a comment on the underlying merits of the sanctions question.

Fifth, Plaintiff argues that even if sanctions are appropriate, Defendants had a duty to mitigate their damages and not "run up" excessive legal fees. Defendants did mitigate their attorney's fees. Specifically, the *res judicata* defense required submission of materials outside the pleadings—thus, Defendants moved for summary judgment and supported their motion with the necessary documents. No excessive work was performed.

In their motion for attorney's fees, Defendants state that "[s]eeking fees from an excellent and respected attorney and his client, is, to say the least, an unpleasant task." So is sanctioning an attorney. Nevertheless, by its terms, Rule 11 is mandatory. Fed.R.Civ.P. 11 ("[i]f a pleading ... is signed in violation of this rule, the

---

**3.** Mr. Klocke has filed a memorandum in opposition to Defendants' motion for fees pursuant to § 1988. Mr. Klocke has retained independent counsel to represent himself by filing a motion in opposition to Defendants' request for rule 11 sanctions against Mr. Klocke. We have considered both memoranda in ruling upon Defendants' motion.

court ... shall impose upon the person who signed it ... an appropriate sanction...."); *Insurance Benefit Administrators, Inc. v. Martin*, 871 F.2d 1354, 1357 (7th Cir.1989); *Henry v. Farmer City State Bank*, 127 F.R.D. 154, 157 (C.D.Ill.1989).

Defendants seek reimbursement for all work performed after October 23, 1990. However, as previously discussed, we do not find counts II through VI sanctionable. Thus, only the work performed in connection with count I's claim for retaliation in violation of the first amendment is compensable. Defendants' motion is supported by time records indicating that the following work was performed in connection with count I:

| | |
|---|---|
| Discovery from 10/23/90 to 3/27/91 | 32.6 hrs |
| Answer second amended complaint | 1 hr |
| Motion for summary judgment and memorandum in support | 25.9 hrs |
| Response to motion to file affidavit | 16.4 hrs |
| Motion for fees | 16 hrs |

Defendants request attorney's fees at the rate of $75.00 per hour for this work. This Court has previously held such an hourly rate to be reasonable for this locale. *Henry*, 127 F.R.D. at 159. Thus, we will award Defendants attorney's fees pursuant to Rule 11 in the amount of $6,892.50 which represents 91.9 hours of work at the rate of $75.00 per hour. We disallow Defendants' request for an additional $3,937.50 representing 52.5 hours of work performed in connection with their motion to dismiss counts II through IV. Because the violation of Rule 11 concerned a question of law, our award is against Attorney Wayne Klocke individually and not his client, Kenneth Lolling.

*Ergo*, Defendants' motion for attorney's fees pursuant to 42 U.S.C. § 1988 is DENIED. Defendants' motion for attorney's fees pursuant to Fed.R.Civ.P. 11 is ALLOWED IN PART. Defendants' are awarded their attorney's fees in the amount of $6,892.50 from Attorney Wayne Klocke.